### WATERS-PIERCE OIL COMPANY v. STATE OF TEXAS.

Motion No. 1774. Decided December 23, 1907.

**1.—Receiver—Appeal—Jurisdiction—Writ of Error.**

An order appointing a receiver for the property of a foreign corporation, made after a judgment forfeiting its permit to do business in the State, may be reviewed on appeal of the main case, and the rulings on such appeal revised by the Supreme Court on writ of error; and the jurisdiction to do so is not affected by the fact that the corporation prosecuted appeal and obtained writs of error separately on the judgment forfeiting the permit and on that appointing the receiver. (Pp. 4, 5.)

**2.—Same—Final or Interlocutory Judgment.**

An order appointing a receiver for the property of a foreign corporation previously adjudged to have forfeited its permit to do business in the State is not an interlocutory judgment, but a final one, on which appeal lies, and also writ of error from the Supreme Court on the judgment on appeal. There may be more than one final and appealable judgment in the same proceeding. (Pp. 5, 6.)

**3.—Same—Recall of Mandate.**

The order appointing a receiver after judgment being appealable, and the judgment on appeal reviewable by the Supreme Court on writ of error, it was improper for the appellate court, on affirming the judgment, to issue its mandate authorizing the receiver to take possession, before the time for application for writ of error had expired. The Supreme Court, having granted such writ, will direct the recall of such mandate by the Court of Civil Appeals. (P. 6.)

**4.—Appeal Bond—Amount.**

Where no amount is prescribed by the statute for a bond on appeal, the court granting the appeal may fix the amount. (Pp. 6, 7.)

**5.—Same—Supersedeas—Amendment.**

Where amount of an appeal and supersedeas bond is fixed by the court, as not being provided for in such case by statute, if this be held a mistake and the bond inadequate because not in double the amount of the judgment, the bond could be amended on objection made in the appellate court to its amount, and, in the absence of such objection, will support the appeal. (P. 7.)

**6.—Receiver—Appeal—Supersedeas.**

The Supreme Court has no power to order a receiver appointed by the trial court to take possession of the property pending its review on writ of error of the decision made on appeal with supersedeas from the order appointing him. The statute gives appellant the right to supersedeas on executing the required bond. (P. 7.)

**7.—Receiver—Appointment by Supreme Court.**

Neither the original nor the appellate jurisdiction conferred on the Supreme Court gives it power to make an original appointment of a receiver of property,

Vol. 107-1

though the preservation of the property was involved, or the conduct of the business in accordance with law. In support of its appellate jurisdiction it could make such orders only as were necessary to prevent interference with its right to determine the case and preserve the status of the property as it found it till such determination; it could not alter that status. (Pp. 8-11.)

The State sued the Waters-Pierce Oil Company and obtained judgments forfeiting its permit to do business in Texas as a foreign corporation, and subsequently appointing a receiver for its property. The defendant appealed and the judgments were affirmed. (Waters-Pierce Oil Co. v. State, 47 Texas Civ. App., 299, 105 S. W., 851. See, also, proceedings in same case, 47 Texas Civ. App., 162.) The oil company then applied to the Supreme Court for writ of error. This was refused on February 26, 1908, without written opinion. But while the application was pending the controversy here determined arose on motions by plaintiff in error and by defendant in error mentioned in the opinion.

This opinion did not reach the Reporter and its omission from the official reports is now supplied out of its due order of appearance.

*N. A. Stedman, Cochran & Penn, Clark & Bolinger,* and *D. W. Odell,* for plaintiff in error.

*R. V. Davidson,* Attorney General; *Jewel P. Lightfoot,* Assistant; *Jno. W. Brady,* County Attorney; *Allen & Hart,* and *Gregory & Batts,* for the State.

MR. JUSTICE BROWN delivered the opinion of the court.

In this opinion we will give our reasons for the disposition made on a former day of this term of a motion presented by the Waters-Pierce Oil Company on substantially the following statement of facts:

The Waters-Pierce Oil Company is a corporation created under the laws of the State of Missouri, which had been admitted by the authorities of this State to transact business in Texas under a permit duly issued. The State instituted suit in the District Court of Travis County against the said oil company to forfeit its permit to do business in this State, and also to recover from it penalties for the violation of the anti-trust statutes of the State of Texas. Upon a trial in the District Court the State recovered judgment for $1,623,000 as penalties, and declared the permit of the company to do business in this State, forfeited. On a subsequent day to the judgment, and during the term, the judge of the District Court, upon motion of the State, appointed Robert J. Eckhardt receiver for the said corporation. After a motion for new trial had been overruled in that proceeding, and also in the main case, the oil company gave notice of appeal in the original case, as well as in the proceedings for appointment of receiver, and executed a bond in the main case according to law in double the amount of the judgment, and in the proceedings under the motion of the State for appointment of receiver, a bond was given in the amount prescribed by the

judge of the District Court, conditioned as required by law for a super-sedeas bond. Two records were filed in the Court of Civil Appeals—one embracing both the main case and the motion for the appointment of a receiver, and the other embracing only the proceedings upon the motion of the State for the appointment of a receiver. In the Court of Civil Appeals the Waters-Pierce Oil Company moved to consolidate the cases, which motion was by that court denied, and the judgment of the District Court, appointing a receiver, was affirmed. Motion for rehearing of that judgment in the Court of Civil Appeals was filed in due time and by the court overruled. On the same day a mandate was issued by the clerk of the Court of Civil Appeals and transmitted to the clerk of the District Court of Travis County, Texas. The judge of the District Court entered an order directing Eckhardt to proceed as receiver to discharge his duties. The Waters-Pierce Oil Company filed in the Court of Civil Appeals and presented to this court within the time prescribed by law a petition for writ of error, which is now pending before this court. The Waters-Pierce Oil Company filed in this court a motion setting up the facts before stated and praying that this court enter an order directing the clerk of the Court of Civil Appeals to recall the mandate sent by him to the clerk of the District Court, and also directing the judge of the District Court to vacate an order which he had entered upon receipt of that mandate directing the receiver to take charge of the property. At a former day of this term, on hearing the motion, this court directed the clerk of the Court of Civil Appeals to recall the mandate sent down by him to the District Court, and also directed the honorable judge of the District Court to set aside the order made by him upon receipt of the said mandate.

After this court granted the motion to recall the mandate issued by the Court of Civil Appeals to the District Court, the State of Texas, by her Attorney General, filed in this court a motion reciting the facts before stated and added the following grounds upon which the motion rested: (1) That it was adjudged by the District Court that the Waters-Pierce Oil Company was conducting its business in violation of the law, and that the said judgment canceled the permit of the company to do business in this State. (2) That judgment had been entered in favor of the State of Texas against the said company for $1,623,000. (3) That the State has a lien upon all of the property of the said company within this State to secure payment of the said judgment. (4) That conducting the business of the Waters-Pierce Oil Company by that company or its agents in the State would be in violation of the penal laws of this State. (5) That in a proceeding in the United States Circuit Court, wherein Bradley W. Palmer, one of the stockholders of the company, was the plaintiff, C. B. Dorchester was appointed receiver for said company and took possession of the property, and that upon appeal by the State the Circuit Court of Appeals of the United States decided that the Circuit Court did not have jurisdiction and ordered the Circuit Court to discharge the receiver. (6) The motion sets out the facts of the proceeding of the Circuit

Court of the United States, which are not necessary to this statement. It is alleged in the said motion that the property, while in the hands or Dorchester and under the orders of the Circuit Court of the United States, was applied to the payment of the expenses of that administration and the debts contracted by the receiver, and the other property or proceeds thereof would be hereafter so applied, to the detriment of the State and the impairment of its lien; that in case the property should be returned to the possession of the Waters-Pierce Oil Company it would be liable to be wasted or removed from the State. The motion also set up that the judge of the Circuit Court of the United States had declared that he would discharge the receiver in accordance with the mandate of the Circuit Court of Appeals of the United States, and that in case he should do so there is no person to receive the property and take control of it and transact the business, as the operation of the business by the Waters-Pierce Oil Company in this State would be unlawful. The motion concludes then with the following language: "That it is necessary for the preservation of the property of the Waters-Pierce Oil Company, for the preservation of the security of the State of Texas, for the prevention of the violation of the laws of the State of Texas, for the safety of the persons in charge of the property of the Waters-Pierce Oil Company, and for the prevention of the conduct of a business in violation of the laws of the State, that the property and business of said Waters-Pierce Oil Company be taken into actual control of this court. Wherefore, the State of Texas prays that this court revoke the order recalling the mandate of the Court of Civil Appeals, or direct that Robert J. Eckhardt take actual and physical possession of the property of the Waters-Pierce Oil Company and conduct the business of said corporation under such orders as this court may make pending the final disposition of this cause in this court, and for general relief."

Upon the hearing of the motion of the Waters-Pierce Oil Company to recall the mandate of the Court of Civil Appeals from the District Court it was objected by counsel for the State that if the Waters-Pierce Oil Company be correct in its contention that this was not an independent suit but only an incident of the main controversy, a writ of error could not be separately prosecuted, and, therefore, the case was not properly before this court. It is sometimes the case that there may be more than one appeal in the same case, when orders are made at different times, which finally dispose of the subject matter of that particular order. A familiar instance is a case of partition, wherein there may be a decree which determines the rights of the parties in the property and is a final judgment upon the merits of the case. From this an appeal may be taken, leaving the case before the court for the purpose of actual division of the property among the claimants according to the decree entered. When the partition shall have been made and the decree of partition entered, there is another final judgment or order, from which an appeal may likewise be taken. White v. Mitchell, 60 Texas, 164; Moor v. Moor (Texas Civ. App.),

63 S. W., 347. The order appointing the receiver, although made subsequently to the date of the judgment, but at the same term, might have been reviewed in the appeal of the principal case. The parties have treated this as a separate proceeding, presenting separate records to the Court of Civil Appeals, and that court has passed upon it as a separate and distinct case from the main suit; but the separation of the two can not deprive appellant of the benefit of a review of the order. This court has jurisdiction of the case as it is presented.

It is also objected by the State's counsel that this court has no jurisdiction of this branch of the proceeding, because the order appointing the receiver is an interlocutory order, and this court has jurisdiction only of final judgments of the Court of Civil Appeals. If this be an interlocutory order, then the objection is well taken; for this court has no jurisdiction to review such an order of the District Court and of the Court of Civil Appeals. Mr. Freeman defines an interlocutory judgment in the following language: "An interlocutory decree is one made pending the cause and before the hearing on the merits." Freeman on Judgments, sec. 29. This definition has been approved by this court in the case of Linn v. Arambould, 55 Texas, 611. Mr. Freeman defines a final decree as follows: "A final decree is one which disposes of the cause, either by sending it out of the court before a hearing is had on the merits, or, after a hearing on the merits, decreeing either in favor of or against the prayer of the bill." The order clearly comes within the definition of a final decree or order; for, so far as the defendant was concerned, it finally disposed of the matter then before the court, which was the appointment of a receiver to take the property into his custody as a consequence of the complete determination of the controversy. If the contention was sustained, the defendant would be deprived of the right to have that order reviewed by this court. Article 1383, Rev. St. 1895; Renn v. Samos, 42 Texas, 104; Schulte v. Hoffman, 18 Texas, 678; Fitts v. Fitts, 14 Texas, 443; Watson v. McKinnon, 73 Texas, 215, 11 S. W., 197; Carter v. Hightower, 79 Texas, 135, 15 S. W., 223. In each of the cases just cited a receiver had been appointed in the trial court, and this court entertained jurisdiction of the matter and passed upon the questions raised as follows: In Fitts v. Fitts the appointment was made in the final decree, and, for the purpose of enforcing it, objection was made to the appointment of the receiver, but the court affirmed that judgment. In Schulte v. Hoffman the appointment of a receiver was made to carry out the final judgment of the court, and, upon objection being made, the Supreme Court affirmed the judgment of the District Court making the appointment. In Watson v. McKinnon the trial court refused to make the appointment of a receiver, and, upon appeal, complaint was made of that refusal, which action the Supreme Court reviewed and reversed. If the order of the court refusing the appointment of a receiver was subject to review by the Supreme Court, certainly an order by which a receiver was appointed would be likewise subject to review. In Carter Bros. v. Hightower a receiver was appointed by

the trial court, of which complaint was made upon appeal. This court reviewed the action of the trial court in making the appointment and affirmed the order. At the time those cases were passed upon by the Supreme Court it had no authority to review an interlocutory order of any kind, and, while the question was not made in either of the cases, the action of the Supreme Court necessarily involved the proposition that the court regarded the order as being final, else it would not have had jurisdiction to enter the orders concerning the appointment that were made in that court. We regard these cases as strongly supporting our ruling in maintaining jurisdiction of this court over the order of the District Court in making the appointment of a receiver in this court.

The affirmance of that order being a final judgment of the Court of Civil Appeals, this court had jurisdiction by writ of error to review the proceedings of the courts in that matter, and, the appellant in the Court of Civil Appeals having a right to present to this court an application for writ of error, the clerk of that court had no authority to issue the mandate on the judgment of the Court of Civil Appeals until the expiration of the time allowed by law for the filing of an application for writ of error in that court. The application for writ of error having been presented in this court, it was necessary that the mandate of the Court of Civil Appeals, which was prematurely issued, should be returned to that court to await the action and judgment of the Supreme Court. We therefore held that the appellant was entitled under its motion to have an order directing the clerk of the Court of Civil Appeals to recall the mandate and also directing the judge of the District Court to set aside the order which he had made based upon that mandate. In passing upon that motion we have confined ourselves strictly to the question of the right of this court to entertain jurisdiction of the application filed with it and the power of the court to direct the recall of the mandate. That decision in nowise interferes with any authority that the District Court or the receiver could lawfully exercise over the property of the oil company during the pendency of that appeal.

Upon the motion of the Attorney General, requesting this court to appoint a receiver in this case, it is insisted by counsel that this court has jurisdiction of the matter, because the appeal which was taken from the order appointing the receiver is void; the bond not having been given in double the amount in controversy. It is also claimed that there is no bond prescribed by the statute which will apply to an appeal from this order. Article 1383, Revised Statutes, 1895, provides: "An appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the District Court in civil cases." The order in question is a final judgment of the District Court, from which an appeal might be taken under the provisions of the above quoted article. If the statute prescribes no bond, then we are of the opinion that the court granting an appeal under this provision of the law might fix the amount of the bond adequate for the protection of the rights

of the parties, which the court here did. However, if it were held that this case must rest upon the bond given therein, and that it should be for a sum double the amount of the judgment, the appeal would not be void, because the bond could have been amended upon objection made in the Court of Civil Appeals. The objection not having been made in the Court of Civil Appeals as to the amount of the bond, nor any effort made to dismiss the appeal on that account, the objection comes too late in this proceeding. The effect of the appeal, when perfected, is prescribed by article 1404, Revised Statutes, 1895, in these words: "Should the appellant or plaintiff in error, as the case may be, desire to suspend the execution of the judgment, he may do so by giving, instead of the bond or affidavit in lieu thereof, mentioned in the four preceding articles, or in addition to such bond, a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him." This is plain language that can not be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment can not be enforced during the pendency of the appeal. It only needs to be said that the law applies to this case, and the enforcement of the order appointing the receiver was suspended by the appeal. Williams v. Pouns, 48 Texas, 141; Street Ry. Co. v. Street Ry. Co., 68 Texas, 163, 7 S. W., 381; G., C. & S. F. Ry. Co. v. Ft. W. & N. O. Ry. Co., 68 Texas, 98, 2 S. W., 199, 3 S. W., 564; Griffin v. Wakelee, 42 Texas, 513; Stone v. Spillman's Admx., 16 Texas, 432; Beach on Receivers, sec. 117.

This court has no power to direct or authorize Eckhardt to take charge of the property of the defendant company, when the statute expressly provides that the giving of the appeal bond shall suspend the action of the court in that regard. If the appeal did not have the effect to suspend the execution of the order, the judge had authority to limit the appointment, as he did by his order, in which it is thus expressed: "And now, on this the 15th day of June, 1907, in open court, it is ordered by the court in the above cause that $100,000 be and the same is hereby fixed as the amount of bond which the defendant shall be required to give in order to supersede the judgment of the court placing defendant's property in the hands of a receiver; and it is further ordered that, upon the approval by the court and the filing with the clerk by defendant of a good and sufficient bond conditioned as required by law for said amount, further proceedings herein be suspended pending appeal. But this order shall not affect or rescind the order heretofore entered prohibiting and enjoining the defendant, its servants, officers, agents, and attorneys, from removing any of its prop-

erty or assets beyond the limits of the State of Texas; but said injunction shall remain in full force and effect pending the appeal from the order appointing a receiver herein." We do not, however, intimate a doubt upon the proposition, which we have asserted, that the appeal, by the filing of the bonds by the defendant in that court, suspended the operation of the order appointing the receiver until the final decision of the case.

The State, by her Attorney General, moves this court to appoint a receiver to take actual possession of the property of the Waters-Pierce Oil Company. This involves an inquiry into the scope of the powers which the Constitution has granted to this court, and an inquiry as to whether the act which is requested of this court would constitute the exercise of appellate or of original jurisdiction. Section 3 of article 5 of the Constitution defines the powers of the Supreme Court in the following terms: "The Supreme Court shall have appellate jurisdiction only, except as herein specified, which shall be co-extensive with the limits of the State. Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction, under such restrictions and regulations as the Legislature may prescribe. . . . The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State." In pursuance of the authority granted by the Constitution the Legislature has defined the appellate jurisdiction of the Supreme Court in this language: "The Supreme Court shall have appellate jurisdiction co-extensive with the limits of the State which shall extend to questions of law arising in civil cases in which the Courts of Civil Appeals have appellate but not final jurisdiction." It is unnecessary for us to enumerate the different provisions of the statutes which limit and further define the jurisdiction of this court within the general terms hereinbefore copied. The Legislature has defined the original jurisdiction of this court as follows: "The Supreme Court or any justice thereof shall have power in term time or vacation to issue the writs of quo warranto or mandamus against any district judge or officer of the State government, except the Governor of the State." The Legislature has also specified the cases in which the Supreme Court may issue writs of habeas corpus, but it is unnecessary to quote or cite the statute. In Brownsville v. Basse, 43 Texas, 449, this court defined appellate jurisdiction as follows: "Appellate jurisdiction, with which alone this court is invested in passing upon civil causes, is defined to be the power and authority conferred upon a superior court to rehear and determine causes which have been tried in inferior courts."

By the application of this definition of appellate jurisdiction, and the statutory provisions as to the original jurisdiction of this court, we must ascertain whether the act of making the requested appointment is embraced in either the appellate or original jurisdiction of this court. It is manifest that the act of appointing a receiver to take

charge of the property of the Waters-Pierce Oil Company would not come within the terms of the statute which confer upon the court original jurisdiction in the use of the writs of quo warranto and mandamus; for by neither of these writs could the appointment be made. The conclusion is absolute that, if the original jurisdiction of this court must be invoked to make the appointment sought, then the court is without power to grant the motion. It would be a waste of words and time to argue a proposition so self-evident. Can the prayer of the motion be granted by the exercise of the appellate jurisdiction of this court? Looking to the clear definition of our powers by the Constitution, by the statute law, and by the decision of the court above quoted, this court has no authority over this matter, unless it be in the exercise of its revisory authority, whereby some ruling made, or an order or judgment entered by the trial court or by the Court of Civil Appeals in its proceedings in this case, is brought under review. It is not claimed that the trial court committed any error in the appointment of a receiver for the Waters-Pierce Oil Company, nor that the Court of Civil Appeals erred in the affirmance of that judgment; and the State does not seek to revise, reverse, or set aside any order, judgment or decree rendered by the District Court or any action taken therein by the Court of Civil Appeals. It is, therefore, certain to the point of demonstration that the power to make the appointment does not come within the appellate jurisdiction and authority of this court over the case, unless it is brought within the rule which is well expressed in these terms: "Every regularly constituted court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction and to prevent any abuse of its process." 8 Am. & Eng. Ency. of Law, 28.

The powers of the receiver being suspended by the appeal taken by the Waters-Pierce Oil Company, we must inquire in what manner that company is interfering with the exercise by this court of its lawful powers in the revision of the proceedings in that case. If it were made to appear that a receiver in the active discharge of his duties was necessary to enable this court to exercise its authority over the case and to revise the action and ruling of the inferior courts, we do not doubt that this court would have the power to appoint a receiver in order to enable it to perform its duties of revising and correcting whatever errors might be made to appear in the proceedings of the lower courts. Nor would this court hesitate to exercise the implied or inherent power arising from has constitutional authority, if the facts presented made such a case. Accepting as true the allegations of the motion made in this case that the Waters-Pierce Oil Company, if permitted to use the property, will violate the laws of the State of Texas, and that the safety of the persons in charge of the property of the Waters-Pierce Oil Company would be endangered by conducting the business in violation of the laws, we must inquire if either of those acts would in any manner interfere with this court in discharging its duty of revision as an appellate court. We are not

able to see wherein the action of the Supreme Court would be affected by such conditions. If in the use of its property the Waters-Pierce Oil Company should violate the laws of the State during the pendency of its appeal, it would be liable to prosecution and punishment in the same manner as for acts done before the trial of this case; and if the safety of the persons in charge of the property is endangered in any manner the courts are open to them to seek their protection where the jurisdiction has been lodged by the Constitution of this State for such purposes. The trial court has no less power now to prevent a violation of the laws of this State by the conducting of the business of the Waters-Pierce Oil Company than it had before the trial. As none of these things would in any way interfere with this court in the discharge of its duty, they do not fall within the scope of its appellate jurisdiction, and, therefore, do not come within the scope of the jurisdiction of this court. It is also said that it is necessary, in order to preserve the security that the State of Texas has for the collection of its judgment, to have a receiver in custody of the property; but no facts are stated which show that there is any threatened invasion of the jurisdiction of this court by which that security would be impaired. The law provides for a bond as security for the State in the collection of its judgment, and we are authorized to presume that a solvent bond has been taken by the trial court, and the law having prescribed a sum double the amount of the judgment rendered, we must conclude that it would afford security to the State in the enforcement of its judgment. This court will presume that all of these things have been properly done, and, indeed, if they were not, they are not matters over which this court has appellate jurisdiction.

In argument counsel appealed to this court to interfere, because it was asserted that, in case this court or the Supreme Court of the United States should reverse the judgment which the State obtained in the District Court, then the Waters-Pierce Oil Company would be enabled to dispose of its property and evade the collection of the penalties and fines which the State has a right to recover against it. This court can not indulge the presumption that the law will be violated, or that either this court or the Supreme Court of the United States will reverse a judgment which comes to this court with the presumption in favor of its correctness. Such a condition of things, if it should ever exist, must arise necessarily after the time when the jurisdiction of this court over the subject matter will have ceased. The Supreme Court is not called upon by this motion to preserve the status of the case as it existed after the proceedings in the trial court and Court of Civil Appeals, but to change that status and put the affairs of this company and this litigation in an entirely different attitude from that in which by the lawful proceedings of the courts we find it. The questions decided by the Circuit Court of Appeals of the United States are not involved in this proceeding, and nothing in this opinion is intended to antagonize the conclusions reached by that court. The purpose of this motion is to have this court create new conditions—to change the

status fixed by the trial court—which this court has no power to do. Laredo v. Martin, 52 Texas, 554. In the case cited an injunction had been refused by the trial court, and application was made to the Supreme Court for an injunction, which the court refused, saying: "The issuance of an injunction for such a purpose would be the exercise of original, and not appellate, jurisdiction in the case. It would be doing that which, it is contended, the District Court should have done before the trial. . . . It could not then have been contemplated to give this court power to issue an injunction, in the first instance, to prevent damage to the parties during the pendency of the suit." If the receiver had been in possession of the property when the appeal was taken, this court would have power to maintain that possession during the pendency of the case in this court. Havemeyer v. Superior Court, 84 Cal., 327, 24 Pac., 121, 10 L. R. A., 627, 18 Am. St. Rep., 192; G., C. & S. F. Ry. Co. v. Ft. W. & N. O. Ry. Co., 68 Texas, 98, 2 S. W., 199, 3 S. W., 564.

Without further discussion of the question, it is sufficient for us to say that this court has not been intrusted with any such unlimited authority, and can not and will not exercise authority which has not been delegated to it by the people of this State.

The motion is overruled.