## McCONNELL et al. v. LIBECAP et al.
## No. 10204.

Court of Civil Appeals of Texas. Dallas.
April 25, 1931.

and laborers, and the foreclosure of statutory liens upon a certain building located in the Fair Park Grounds in the city of Dallas, known as the "Gettysburg Battlefield Building" and the "Cyclorama," including the picture, painting, and all accessories, housed in said building, belonging to defendant the Cyclorama Exposition Committee, 'Incorporated.

The above is an incomplete statement of the nature of the suit, but sufficient for present purposes.

The case was tried without a jury, and on December 16, 1930, the court rendered judgment establishing the respective claims of parties, foreclosed in favor of those protected, statutory liens upon said building and the Cyclorama, etc., classified the claims, and authorized the issuance of necessary process to execute the judgment.

Among others, the court rendered judgment in favor of G. R. Mahaffey and O. P. Howard (Mahaffey & Howard), contractors, against Cyclorama Exposition Committee, Incorporated, for debt in the sum of $20,542.50, with foreclosure of the statutory lien upon said building, and placed the claim in the third class; also rendered judgment in favor of E. W. McConnell, contractor, against said defendant for $11,470.63; and rendered judgment against McConnell in favor of Roscoe Libecap, trading as Libecap Electric Company, for $1,218, and in favor of others for debt, and their claims were adjudged liens of the first class and foreclosed on the Cyclorama; also judgment was rendered in favor of Roscoe Libecap against the Cyclorama Exposition Committee, Incorporated, for the sum of $2,752.92, with foreclosure of the statutory lien for material and labor on said building, and placed same in the fourth class of claims against said building. These are only a few results of the suit, but sufficient for the present.

On January 19, 1931, an order of sale issued on the judgment, at whose instance is not disclosed, and was placed in the hands of Louis Brown, constable of precinct 1, Dallas county, Tex., for execution, and by him was levied upon said building and picture and advertised to sell at public vendue on March 3, 1931. On that day, but prior to the sale, E. W. McConnell, party to the suit and judgment, perfected appeal by writ of error and superseded the judgment. On the approval and filing of supersedeas bond, the district clerk issued a supersedeas; thereupon the constable desisted from further action under said process. On March 7, 1931, Mahaffey & Howard procured the issuance of another order of sale and also placed same in the hands of Louis Brown, constable, for execution, who on March 12, 1931, levied upon said building and Cyclorama and advertised same

George Sergeant, of Dallas, for plaintiffs in error.

J. Hardy Neel, of Dallas, for defendants in error.

LOONEY, J.

In a suit pending in a district court of Dallas county, S. B. Frost and about one hundred others, plaintiffs and interveners, sought to establish claims, as contractors, materialmen,

to sell April 7, 1931. On April 3, 1931, Roscoe Libecap perfected appeal by writ of error, superseded the judgment, and immediately, upon the approval and filing of his bond, the district clerk again issued a writ of supersedeas which was duly served upon the constable. Instead, however, of obeying the writ and returning the process unexecuted, the officer or the deputy in charge, at the instance of J. Hardy Neel, attorney for Mahaffey & Howard, sold said property on April 7, 1931, as advertised; Mayer Rachofsky, trustee, becoming purchaser on a bid of $1,000 made by J. Hardy Neel, his representative.

In this status of the proceedings, Roscoe Libecap filed an original application in this court against G. R. Mahaffey and O. P. Howard (Mahaffey & Howard), their attorney, J. Hardy Neel, Louis Brown, constable of precinct 1, Dallas county, Tex., and his deputies, Oscar H. Davis, Roy Odom, and William Decker, praying in effect that, this court restore the status quo, that respondents be enjoined from further attempts to execute the judgment pending appeal, and that they be suitably punished for contempt of this court.

■ Respondents insist that the bond filed by relator was not in compliance with the statute, did not supersede the judgment, and therefore they were well within their legal rights in selling the property under the order of sale.

The bond given by relator is payable to all other parties to the suit (plaintiffs, interveners, and defendant) in the sum of $1,000; is in the language of a supersedeas bond, as required by article 2270, R. C. S., and, on being approved and filed, the district clerk issued a supersedeas, authorized by article 2275, R. C. S., which was duly served and of which respondents had notice at the time and prior to the sale of the properties under the process.

The statute (article 2249, as amended by Acts 1927, c. 52, § 1 [Vernon's Ann. Civ. St. art. 2249]) gives a right of appeal to the Court of Civil Appeals from every final judgment of the district court, and makes ample provision for the suspension, by the party appealing, of the execution of judgment pending the appeal. In case of a money judgment, he may supersede its execution by giving bond in a sum at least double the amount of the judgment, as provided by article 2270, R. S.; in case the judgment is for the recovery of land or other property, its execution may be suspended by giving bond as required by article 2271, R. C. S. However, as the judgment under consideration is not against Libecap, for the recovery of either money, land, or other property, but is in his favor for the recovery of money and the foreclosure of liens on property against others and for the classifications of claims and the establishment of priorities as between him and other creditors of a common debtor, it is apparent that the statute neither prescribes nor indicates the amount of bond to be given in order to suspend the judgment pending appeal; therefore it became the duty of the court to fix the amount of bond sufficiently large to protect all parties affected by reason of the appeal and suspension of judgment. See Hill v. Halliburton, 32 Tex. Civ. App. 21, 73 S. W. 21; Aetna Club v. Jackson (Tex. Civ. App.) 187 S. W. 971; Waters-Pierce Oil Co. v. State of Texas, 107 Tex. 1, 6, 106 S. W. 326.

■■ In the absence of a showing to the contrary, the presumption will be indulged that the court fixed the amount of the bond in the instant case, and its approval and the issuance of supersedeas by the clerk was its official acceptance, as being in compliance with law. Cox v. Gordon et al. (Tex. Civ. App.) 241 S. W. 286.

■ Our jurisdiction of the appeal attached on the approval by the district clerk of the bond, and is not in any sense dependent upon its sufficiency, either as to form or substance; for, if defective in either or both respects, the statute furnishes ample provision for curing, by amendment, any such defects. Dillard v. Wilson (Tex. Civ. App.) 137 S. W. 152; Eaton v. Klein (Tex. Civ. App.) 141 S. W. 828; West v. Giesen (Tex. Civ. App.) 242 S. W. 312, 322, 324. We are of opinion, therefore, that the bond given by relator was sufficient to stay the execution of the judgment, that it superseded and rendered functus officio the order of sale, and, as it was the plain duty of the constable to immediately return the process unexecuted, the sale of properties made thereafter was without legal authority and void.

■ The appeal, with supersedeas, conferred upon this court jurisdiction to protect the rights of relator pending appeal, not only by preventing enforcement of the judgment, but by requiring the restoration of the status quo. See McDowell v. Hightower, 111 Tex. 585, 242 S. W. 753; Houston, etc., Co. v. Hornberger, 106 Tex. 104, 106, 157 S. W. 744; Houston, etc., Co. v. Hornberger (Tex. Civ. App.) 141 S. W. 311, 313. To hold otherwise would be to give full force and effect to the judgment and to ignore the right of relator to have the same stayed pending appeal. See People's Cemetery Ass'n v. Oakland C. Co., 24 Tex. Civ. App. 668, 60 S. W. 679, 680; Timpson & H. R. Co. v. State (Tex. Civ. App.) 222 S. W. 322; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 6, 106 S. W. 326.

■ The office of a supersedeas appeal bond is to furnish indemnity to those who suffer damages as a result of the stay of the judgment [Adoue v. Wettermark, 28 Tex. Civ. App. 593, 68 S. W. 553; Garrett v. Katz (Tex. Civ. App.) 27 S.W.(2d) 373], but our holding, which in legal effect is that the bond is sufficient prima facie to stay the judgment,

is without prejudice to the right of any adverse party to show, by an appropriate proceeding, that the bond is in fact insufficient indemnity for damages that will result from the stay of judgment.

We therefore direct that Louis Brown, constable, and his deputy or deputies, having official charge of the matter, cancel any indorsement made upon the order of sale showing sale of the property in question to Mayer Rachofsky, trustee; refrain from executing or if executed from delivering any deed, conveyance, or transfer of said property under said alleged sale; that said order of sale be immediately returned to the clerk of the district court, properly endorsed unexecuted, because superseded; that respondents, and each of them, refrain from any future attempts to execute said judgment pending this appeal, unless on proper showing an order is made permitting the issuance and execution of process thereon; and the clerk of this court is directed to issue all notices comprehended by this order, unless respondents waive in writing such issuance and accept service of same.

█ In view of the complicated nature of the proceeding, calculated, in our opinion, to obscure and render doubtful correct procedure to be pursued, and finding no reason to question the good faith of respondents, we hold that, while their conduct in causing the sale of the property after suspension of the judgment was altogether unauthorized, yet it amounted to no more than a technical contempt, and does not justify punishment.

The prayer of relator for injunctive relief, both mandatory and prohibitive, is granted, but the suggestion that respondents be punished for contempt of court, is denied.