## CONTINENTAL SUPPLY CO. et al. v. FORREST E. GILMORE CO. OF TEXAS et al.

### No. 3832.

Court of Civil Appeals of Texas. Amarillo.

March 16, 1932.

C. G. Dailey, of St. Louis, Mo., Randolph, Haver, Shirk & Bridges, of Tulsa, Okl., and F. H. McGregor and Fischer & Fischer, all of Amarillo, for appellants.

W. M. Lewright, of Pampa, and Kimbrough & Boyce, of Amarillo, for appellees.

HALL, C. J.

The appellant, the Continental Supply Company, sued the Forrest E. Gilmore Company of Texas, a Texas corporation, the Forrest E. Gilmore Company, a Delaware corporation, and the Security Savings & Trust Company, to recover an amount due and foreclose a mechanic's lien upon property alleged to be owned by the Gilmore Company of Texas and upon which the Security Savings & Trust Company held a deed of trust to secure an indebtedness to it in the principal sum of $500,000. Eight other corporations claiming mechanic's and materialmen's liens upon the same property were made parties defendant.

The case was tried and judgment was rendered in favor of the Security Savings & Trust Company against Forrest E. Gilmore Company of Texas in the sum of $548,334, being the total amount of its debt and interest. The court further decreed a recovery in behalf of some of the mechanic's lien claimants, and denied a recovery to others, directing that the proceeds of the sale be applied to the payment of certain lien creditors in the order stated in the judgment. The Continental Supply Company, Cooper-Bessemer Corporation, American Tank & Equipment Corporation, and J. F. Pritchard excepted to the judgment and filed appeal bonds, each in the sum of $2,000, as required by R. S. art. 2265. The record was filed in this court January 26, 1932.

On January 8, 1932, the Security Savings & Trust Co., and two other mechanic's lienholders had the clerk of the trial court

issue an order of sale directed to the sheriff of Gray county commanding him to seize the property involved and sell the same as under execution. The sheriff proceeded to advertise the property to be sold on the first Tuesday in February, 1932.

On January 27th the Continental Supply Company, Cooper-Bessemer Corporation, American Tank & Equipment Corporation and Pritchard applied to Hon. W. R. Ewing, judge of the court in which the judgment was rendered, for an order fixing the amount of the supersedeas bond to be given by the said parties for the purpose of superseding the judgment which had been theretofore rendered December 8, 1931. The case is now pending on appeal in this court. Acting upon the application, the honorable trial judge fixed the amount of the supersedeas bond at $6,000, whereupon, on the same day, the clerk of the district court issued a writ of supersedeas, commanding said parties and the sheriff not to sell the property pending the determination of the case in this court.

The Security Savings & Trust Company has filed this motion in this court to quash the writ of supersedeas, contending that the amount of the bond which should have been given is governed by the provisions of R. S. art. 2270; that, according to said article, the supersedeas bond should have been double the amount of movants' judgment, which, as hereinbefore stated, is $548,334, with interest and costs.

This is a brief statement of enough of the record upon which to determine the merits of the motion.

■ The only money judgments which were rendered in the trial court were against the Forrest E. Gilmore Company of Texas. No judgment for money was rendered against any of the appellants, the only issue as to them being the right to foreclose their liens and the question of priority with reference thereto. R. S. art. 2270, has no application to a judgment of this kind. In cases of this character, the bond must be fixed by the trial judge in an amount sufficient only to indemnify the appellee or appellees in the event they are damaged by the appeal. It would be grossly inequitable to require the appellants in this case, the aggregate of whose claims is less than $50,000, to file a supersedeas bond in double the amount of the judgment. The amount of such bond would necessarily exceed $1,100,000.

■ In the case of McConnell et al. v. Libecap et al. (Tex. Civ. App.) 38 S.W.(2d) 408, Judge Looney has discussed every contention made by the movant in this case, and has decided every question presented here against movant's contention. There is no showing in this case that the court has fixed the amount of the bond at such a sum as will prove to be insufficient to indemnify the movant against loss pending the appeal. We approve the holding in that case, and, since it disposes of every proposition urged here, an extended discussion is unnecessary.

For the reason there stated, the motion is overruled.

The supersedeas bond for $6,000, which was made in compliance with the court's order, is not before us. No supplemental transcript has been brought up since said bond was filed, nor has an effort been made by certiorari to amend the record, but it seems to be conceded that a supersedeas bond conditioned as required by the statute in the sum of $6,000 has been filed as a basis for the issuance of the writ of supersedeas, and we have therefore waived the informality and treated the motion as if the record had been properly presented for consideration.

The motion is overruled.