WEATHERFORD et al. v. NATIONAL LIFE INS. CO. et al.

No. 11288.

Court of Civil Appeals of Texas. Dallas.
Jan. 15, 1935.

Dissenting Opinion Jan. 19, 1935.

Rehearing Denied Feb. 9, 1935.

Everett L. Looney, of Austin, and Tom C. Clark and Mann, Irion & Mann, all of Dallas, for relators.

Read, Lowrance & Bates, of Dallas, for respondents.

LOONEY, Justice.

The court below rendered judgment in favor of National Life Insurance Company (appellee), establishing its debt in the sum of $80,745.20, adjudged the same to be a valid lien and charge against certain real property, situated in Kaufman county, Tex., foreclosed the lien, as against W. Weatherford, Tom B. Owens (appellants), and others brought in as defendants, on allegations that they owned or claimed some interest in the lands, and authorized the issuance of all necessary process for the sale of the lands to satisfy the judgment, etc. However, the judgment expressly provides that plaintiff was not entitled to personal judgment for the debt against either of the defendants.

Weatherford and Owens duly perfected an appeal, by cost bond, and the case is now pending in this court for review. After the appeal was perfected, plaintiff below (appellee) caused an order of sale to be issued on the judgment, placed same in the hands of the sheriff of Kaufman county for execution, who duly advertised the lands to sell on the first Tuesday in January (January 1), 1935. Desiring to suspend the execution of the judgment pending appeal, appellants applied to Honorable Claude M. McCallum, trial judge, for an order fixing the amount of the supersedeas bond, who, after hearing evidence on the application, concluded that the case was ruled by the provisions of article 2270, R. S., thereupon fixed the amount of the bond at the sum of $161,590.40, double the amount of plaintiff's debt, as established by the judgment.

In holding that the provisions of article 2270, R. S., were applicable to and ruled the case, the trial judge necessarily declined, or failed to exercise its discretion, to set the bond in an amount that would indemnify appellee against damages that might be sustained by reason of the appeal. As no judgment for the recovery of money was rendered against either defendant, simply a judgment establishing the debt and foreclosing the lien as to them, it is our opinion that article 2270, R. S., is not applicable to the case, and that, on the application of appellants, it became the duty of the trial court to set the supersedeas bond in an amount sufficient only to indemnify appellee in the event it suffers damage by reason of the appeal and suspension of judgment. On December 29, 1934, appellants filed in this court an application setting up the facts, praying that the writ of mandamus issue, directing the trial judge to set aside its former order, and, in lieu thereof, enter an order fixing the amount of the supersedeas bond only at a sum that will fairly and reasonably indemnify appellee against damages that may be suffered by reason of the appeal and suspension of judgment.

In the recent case of Ferguson v. Ferguson (Tex. Civ. App.) 69 S.W.(2d) 592, 594, 595, the Eastland court, through Judge Hickman, used the following language in point: "It is now the settled law of this state that article 2270 does not except from its operation any class of judgments. Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326; Lawler v. Wray (Tex. Civ. App.) 8 S.W.(2d) 524; Houtchens v. Mercer, 119 Tex. 431, 29 S.W. (2d) 1031, 69 A. L. R. 1103. Since the appeal was not from a money judgment, that statute does not prescribe the amount of the supersedeas bond. In such cases it is necessary for the court to fix the amount thereof. Hill v. Halliburton, 32 Tex. Civ. App. 21, 73 S. W. 21; Houtchens v. Mercer, supra. In the last-cited case, a mandamus was issued directing the district judge to fix the amount of a supersedeas bond, a thing which would not have been done if the fixing thereof was within the discretion of the relator or the clerk. The only way to stay the execution of a judgment, other than one for money, is by filing a bond approved by the clerk in the penal sum fixed by the court. There is absent from this petition the essential allegation that the trial court had fixed the amount of the bond." A case directly in point is that of Continental

Supply Co. v. Forrest E. Gilmore Co. (Tex. Civ. App.) 48 S.W.(2d) 376, 377, by the Amarillo court. Speaking for the court, Chief Justice Hall said: "The only money judgments which were rendered in the trial court were against the Forrest E. Gilmore Company of Texas. No judgment for money was rendered against any of the appellants, the only issue as to them being the right to foreclose their liens and the question of priority with reference thereto. R. S. art. 2270, has no application to a judgment of this kind. In cases of this character, the bond must be fixed by the trial judge in an amount sufficient only to indemnify the appellee or appellees in the event they are damaged by the appeal. It would be grossly inequitable to require the appellants in this case, the aggregate of whose claims is less than $50,000, to file a supersedeas bond in double the amount of the judgment. The amount of such bond would necessarily exceed $1,100,000." Also, see Houtchens v. Mercer, 119 Tex. 431, 29 S.W.(2d) 1031, 69 A. L. R. 1103.

The only case brought to our attention that seemingly conflicts with the rule pronounced by the Amarillo court, supra, is that of Crumley v. McKinney, 9 S. W. 157, by the Supreme Court. However, we think, on careful consideration, it will be found that the conflict is more apparent than real, as the language used by Judge Stayton in Crumley v. McKinney, seemingly in conflict with the rule announced by the Amarillo court, was on a point not necessary to the decision of the question then under consideration, therefore, must be considered as mere dictum.

■ Since the decision in Crumley v. McKinney, our courts have repeatedly held, in cases like the one under consideration, that the only liability assumed by obligors on a supersedeas bond is to indemnify the judgment plaintiff for any damages sustained by reason of the appeal [Adoue v. Wettermark, 28 Tex. Civ. App. 593, 68 S. W. 553, 555; Garrett v. Katz (Tex. Civ. App.) 27 S.W.(2d) 373; McConnell v. Libecap (Tex. Civ. App.) 38 S. W.(2d) 408]; this being true, there exists no reason for a bond in double the amount of the judgment debt, as required by article 2270, R. S.; and to exact a bond in such an amount would, as stated by the Amarillo court, "be grossly inequitable," and, furthermore, would seriously interfere with, in fact often would defeat, the right of a defendant to suspend the judgment pending appeal.

We, therefore, grant the application for the writ which will issue, commanding Honorable Claude M. McCallum, judge of the 101st judicial district of Texas, to set aside his order formerly entered, fixing the amount of the supersedeas bond, under article 2270, R. S., at double the amount of the judgment debt, and, in lieu thereof, to set the bond at such amount as will adequately indemnify appellee for any and all damages that may be suffered by reason of the appeal and suspension of the judgment in the meantime.

The writ of mandamus, as prayed for, will issue.

BOND, J., dissents.

BOND, Justice (dissenting).

I am unable to agree with the majority, in granting the application for writ of mandamus, commanding the trial court to do that which, in my opinion, the Legislature of this state has provided the remedy, and which authoritatively and correctly has been determined adversely to relator's contention by our Supreme Court in the case of Crumley v. McKinney, 9 S. W. 157, 159, and in accordance with which the trial judge acted.

Article 2270, R. S. provides that: "An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs. * * *" In my opinion, upon a strict compliance with this statute, supersedeas of a judgment of the trial court becomes a matter of absolute right, in nowise depends on the discretion of the court, or upon the merits of the appeal.

The "amount of the judgment, interest and costs," appealed from in this case, is the sum of $80,745.20; it is a judgment having for its sole purpose the collection of a specific sum of money, a money judgment, and subjecting specific property, owned by or in which appellants assert a right, title, or interest, to its payment, a personal judgment against appellants, limited only in its enforcement to a foreclosure sale on the property involved.

True, appellants by contract purchased, subject to appellees' lien, the property sought to be sold by foreclosure, and did not assume appellees' debt, thereby limited their liability to the extent that the specific property may pay the obligation. While the judgment recites that the plaintiff was not "entitled to a personal judgment against either of the defendants for the debt," yet the effect of the judgment, decreeing and establishing the amount of the indebtedness and foreclosing the lien as to the defendants and against

their property, is, in effect, rendering a personal judgment against each of them, limiting its enforcement, by virtue of the defendants' contract of purchase to the specific property; and, that no excess judgment, if any, shall be collected of them or out of their estate. Nevertheless, the defendants were by the judgment liable for the entire indebtedness, if and when the amount of their specific property, against which the foreclosure decreed, may liquidate it. They cannot escape the responsibility of paying the judgment out of the sale of the property, if it is sufficient to pay the debt, and to that extent the judgment is personal to them.

Evidently the judgment is against some one; it is of a specific amount and could hardly be said that it did not run against the defendants, they having appealed therefrom. Then, under what canon of construction may it be said that the quoted statute, clear and unambiguous, does not authorize and require appellants to file "a good and sufficient bond * * * in a sum at least double the amount of the judgment, interest and costs" to afford them the right to stay the execution or enforcement of the money judgment, or that the language of the statute is susceptible to the construction that it is only applicable to those appealing, whose entire estate, not exempt from forced sale, may be liable for the payment of the entire debt? The defendants may or may not be forced to pay the entire amount of the judgment, depending on the enforcement of the foreclosure, and the amount realized on the sale of their property. In either event, to suspend the judgment establishing a debt, a money demand, the Legislature has enacted that the bond shall be "in a sum at least double the amount of the judgment."

The majority opinion cites as authority in support of their holding Ferguson v. Ferguson (Tex. Civ. App.) 69 S.W.(2d) 592; Continental Supply Co. v. Forrest E. Gilmore Co. (Tex. Civ. App.) 48 S.W.(2d) 376; Adoue v. Wettermark, 28 Tex. Civ. App. 593, 68 S. W. 553, 554; Garrett v. Katz (Tex. Civ. App.) 27 S.W.(2d) 373; McConnell v. Libecap (Tex. Civ. App.) 38 S.W.(2d) 408, 410. In the Ferguson Case, the judgment was not for any specific amount. The appeal involved a judgment of partition of land, and the attempt to execute writs of partition to oust and eject the relator. In the Adoue Case, the judgment appealed from was for the sum of $13,882, and decreeing a foreclosure lien against the defendants. Appellant in that case executed the supersedeas bond in the language of the statute (then article 1404, now article 2270) in the sum of $30,000, being at least "double the amount of the judgment, interest and costs," and the court said: "The only supersedeas bond which could be given was that provided by article 1404 [2270], and such bond was accordingly entered into." In the Garrett Case, M. Katz recovered judgment for debt against R. L. Garrett and wife, Flora Garrett, with foreclosure of a mechanic's lien on the land involved against Garrett and wife, and Crate Dalton, who was asserting title to half interest in the land, gave a supersedeas bond "conditioned as required by article 2270 (2101) (1404) (1404) R. S. 1925." There was no question raised in that case about the insufficiency of the bond; the appeal involved only the liability of the sureties. In the McConnell v. Libecap Case, Libecap executed a supersedeas bond in the language of the statute (article 2270). It was approved and filed by the district clerk, and Judge Looney, speaking for the court, said: "The statute (article 2249, as amended by Acts 1927, c. 52, § 1 [Vernon's Ann. Civ. St. art. 2249]) gives a right of appeal to the Court of Civil Appeals from every final judgment of the district court, and makes ample provision for the suspension, by the party appealing, of the execution of judgment pending the appeal. In case of a money judgment, he may supersede its execution by giving bond in a sum at least double the amount of the judgment, as provided by article 2270, R. S.; in case the judgment is for the recovery of land or other property, its execution may be suspended by giving bond as required by article 2271, R. C. S. However, as the judgment under consideration is not against Libecap, for the recovery of either money, land, or other property, but is in his favor for the recovery of money and the foreclosure of liens on property against others and for the classification of claims and the establishment of priorities as between him and other creditors of a common debtor, it is apparent that the statute neither prescribes nor indicates the amount of bond to be given in order to suspend the judgment pending appeal; therefore it became the duty of the court to fix the amount of bond sufficiently large to protect all parties affected by reason of the appeal and suspension of judgment." (Citing authorities.)

Thus it must be seen that none of the cited cases sustains the pronouncement of the majority in the instant case, which involves the question of whether the execution or enforcement of a money judgment for a specific amount and the foreclosure of a lien may be suspended by a supersedeas bond in an amount to be fixed by the trial judge, instead

of that amount which is required by the act of Legislature.

The only case which I have been able to find even as a persuasive authority is that of the Continental Supply Co. v. Forrest E. Gilmore Co., supra, by the Amarillo court. In that case there were many parties to the judgment having divers interest, separate and distinct amounts and liens, in which the court directed their priority enforcement, and in which those appealing and the other parties were not adversely interested. In such a situation as there presented, as well as in the case of McConnell v. Libecap, supra, cited by Judge Hall, in support of the opinion, a supersedeas bond in an amount fixed by the trial judge was held sufficient to stay the enforcement of the judgment. Obviously, there is no conflict in the holdings of those cases and the writer's position in the case at bar.

In the case of Crumley v. McKinney, supra, Chief Justice Stayton, in speaking for our Supreme Court, said: "To entitle any person appealing to supersedeas, a bond must be executed in compliance with article 1404, Rev. St., and if the judgment be for the recovery of land or other property, the bond must be 'further conditioned,' as provided in articles 1405, 1406, Rev. St. A bond to suspend the execution of a judgment must be 'in a sum at least double the amount of the judgment, interest, and costs,' and conditioned as article 1404 requires. The bond before us was not such a bond. To require a bond so large from one who is made a party to an action only in order to establish and foreclose a lien on property claimed by him, he not being personally the debtor, may appear, in many cases, to operate a hardship, and if this be the effect of such a requirement, the legislature would no doubt provide a different rule for such cases, if attention was called to the subject. The legislature, however, has the power to prescribe the terms on which an appellant may have the execution of a judgment suspended during an appeal, and, having so prescribed, the courts have no power to refuse to give effect to such a law." This is, in my opinion, the controlling authority in this state, and to which all inferior courts should bow until the Supreme Court or the Legislature of this state sees fit to change the procedure.

The majority opinion holds the pronouncement of Judge Stayton to be dictum, not necessary to the decision of the question then under consideration. A brief résumé of the facts, as stated in the opinion, may not be amiss, showing the question there involved, i. e., John R. Nunn, Sr., and others recovered a judgment against William M. Nunn, Sr., for $7,140.66, with foreclosure of lien on 175 acres of land to secure its payment. The appellees, being claimants of the land on which the lien was established and foreclosed, were made parties to that suit, and the lien established and foreclosed as to them; *but they were not personally liable for the sum adjudged against William M. Nunn, Sr.* (Italic mine.) After that judgment was rendered, *the appellees gave notice of appeal, and executed a bond, which was not conditioned, as provided in article 1404, nor "in a sum at least double the amount of the judgment, interest and costs."* The trial court stayed the enforcement of the judgment on the bond; Crumley and those who joined with him as defendants asked to set aside the order of the trial court, staying the writs of execution, on the ground that "the bond was not such as entitled the parties to a supersedeas." Clearly, the pronouncement of Judge Stayton is in support of and necessary to the conclusion reached in the decision. I cannot accord to it as being obiter dictum.

On the language of the statute and the controlling authority of Crumley v. McKinney, supra, I respectfully base my dissent.