**JOY v. JOY.**

No. 13198.

Court of Civil Appeals of Texas. Dallas.
May 30, 1941.

Rehearing Denied July 11, 1941.

- - - ◆ - - -

Fred T. Porter, of Kaufman, and Thompson, Knight, Harris, Wright & Weisberg, of Dallas, for appellant.

J. Cleo Thompson, Edward C. Meek, and Paul McCarroll, all of Dallas, and C. S. Bradley, of Groesbeck, for appellee.

LOONEY, Justice.

This appeal is from an order of the Court below, appointing a receiver. At a former day, we had under consideration an application by appellant, requesting this Court to fix a reasonable amount for a supersedeas bond to suspend the judgment appointing the receiver, the contention being that, the amount set by the trial court was unreasonable and prohibitive. In disposing of the application, an opinion was filed, containing a statement as to the nature of the controversy, which is here set out in full, as follows: "The material facts producing the question under consideration are these: On June 4, 1932, Mrs. Emma Gertrude Joy died; surviving her, were her husband, M. A. Joy, Sr., the appellant, and two sons, M. A. Joy, Jr., and William B. Joy. She and her husband owned, at the time of her death, a large community es-

tate, same being in the States of Texas and Oklahoma, consisting of real property, stocks in corporations, cotton compresses, etc., estimates, as to its present value, varying from several hundred thousand to three-quarters of a million dollars; all except about $100,000 in value being in the State of Oklahoma. Mr. Joy continued in possession of said properties, managing, controlling, using and disposing of same as his own since, as before, his wife's death. On November 27, 1933, M. A. Joy, Jr., by a written instrument, transferred and conveyed all his right, title and interest in and to the estate of his deceased mother to his father, M. A. Joy, Sr. On February 29, 1940, Helen Ruth Joy, wife of M. A. Joy, Jr., as guardian of his person and estate (he having been adjudged of unsound mind), filed suit in the District Court of Kaufman County, Texas, against M. A. Joy, Sr., for the cancellation of the instrument just described, alleged to have been executed by M. A. Joy, Jr., at a time when he was of unsound mind. The cause was tried, resulting in a judgment for appellee, canceling and holding for naught said instrument; to which, the appellant, M. A. Joy, Sr., excepted, gave notice of and perfected an appeal to this Court; and upon his motion, the trial court fixed the amount of a supersedeas bond at $10,000, which was duly executed, approved and filed by the clerk of the court below. The cause later was transferred by the Supreme Court to the Eleventh District at Eastland, where the same is now pending, and has been set for submission on May 9, 1941. In this status, and as ancillary to said suit, Helen Ruth Joy, as guardian aforesaid, instituted the present proceeding in the court below, seeking the appointment of a receiver, to take possession of all and singular the assets and properties, wherever located, constituting the community estate of M. A. Joy, Sr., and his deceased wife; with authority to hold, control and manage same, pending final disposition of the cause now pending in the Eastland Court; contending that her ward had a probable interest in said properties (an undivided one-fourth), and that M. A. Joy, Sr., was mismanaging same, that by reason of infirmity, due to old age, he could not give the necessary care and attention to the properties and business; that appellee feared appellant would sell and dispose of said assets, convert the proceeds to his own use and benefit, and waste the estate. The application for the appointment of a receiver was set down for hearing, evidence was heard, and on March 29, 1941, the court entered an order which, we think, has the legal effect of appointing a receiver for all and singular the properties belonging to the community estate of Mr. and Mrs. M. A. Joy, Sr. The order directs the receiver to take immediate possession of all properties situated in the State of Texas, and all books of account, contracts, and documents affecting the title and present operation of the properties described in appellee's petition, which, of course, included properties, wherever situated, with full authority to carry on and conduct the business commonly pursued with same, and to hold, control and manage same, receive rents, revenues and income derived therefrom, bring suits, and generally to operate same and hold the proceeds arising from such operation, subject to the orders of court. Although the receiver was directed to make application for the appointment of an ancillary receiver in Oklahoma, we think the effect of the order was to place the entire estate in custodia legis, in so far as the court was authorized to do so; and it does not appear but that, under the comity existing between the States of Texas and Oklahoma, the order would be given extraterritorial recognition, and that the receiver, without the necessity of an ancillary receivership, would be authorized to operate the properties pending the appeal. Appellant excepted to the order of the court appointing the receiver, perfected an appeal to this Court, by giving cost bond, and, desiring to suspend the judgment pending the appeal, requested the court to fix the amount of a supersedeas bond. In response to the motion, the court fixed the amount of the supersedeas bond at $100,000; to which appellant excepted on the ground that, the amount was excessive, unreasonable and prohibitive. The above recital brings us to the proceedings under consideration. Appellant has filed in this Court a pleading alleging the precedent facts, showing that he had made an attempt to execute a supersedeas bond in the amount fixed by the trial court, but was unable to do so; praying for the issuance of a mandamus, requiring the trial court to set the supersedeas bond at a reasonable amount; in the alternative, that this Court set the bond at a reasonable amount, and direct the court below to adopt same; or, in the alternative, that this Court set the amount of the bond, and allow appellant to file a bond in such amount, and direct the clerk of the court below, on its

being approved, to file same and issue a writ of supersedeas. We think it is now definitely settled that, in order to suspend a judgment, other than a money judgment, pending on appeal, it is necessary for the trial court to set a supersedeas bond at an amount sufficient to indemnify the judgment plaintiff for all probable damages that may result by reason of the appeal; that is to say, the trial court has original jurisdiction to set the amount of the bond. See Continental Supply Co. v. Gilmore Co., Tex.Civ.App., 48 S.W.2d 376; Ferguson v. Ferguson, Tex.Civ.App., 69 S.W.2d 592–596; Weatherford v. National Ins. Co., Tex.Civ.App., 78 S.W.2d 992; Murray v. Humphrey, Tex.Civ.App., 132 S.W.2d 444. It is only where the trial court, in cases other than where money judgments are rendered (controlled by the provisions of Art. 2270, R.C.S.), fails or refuses, on motion, to fix the amount of a supersedeas bond, that mandamus may issue from the Court of Civil Appeals, directing the trial court to set such bond at a sum that will fairly protect and indemnify the plaintiff in judgment against damages, by reason of the suspension of the judgment, pending the appeal (See holding of this Court in Weatherford v. National Ins. Co., supra). As the instant case is not controlled, as to the amount of the bond, by the provisions of Art. 2270, and as the trial court has not refused to set the amount of the bond, but, as contended by the appellant, set the same at an excessive, unreasonable and prohibitive amount; and, as we have jurisdiction of the case for all practical purposes, we think our authority to review the action of the trial court in this respect, as in others brought up on appeal, is undoubted, and that it is the province of this Court to judge of the reasonableness, whether or not, of the bond, as set by the trial court, and, if found excessive and unreasonable, to set aside the action of the trial court and make such an order as should have been made, requiring the giving of a bond in an amount that, in our judgment, will indemnify appellee for probable damages that may result by reason of the suspension of the judgment pending the appeal. We do not deem it appropriate at this time to discuss the merits of the appeal proper, as that question will be reached later, but simply state, in our opinion, the amount of the bond set by the trial court is unreasonable, and in excess of any amount reasonably necessary to indemnify appellee for probable damages, by reason of the suspension of the order appointing the receiver, pending the appeal; hence, the order of the trial court is set aside, and in lieu, we hereby set the amount of the bond at $10,000, to be conditioned as required by law, on the giving of which by the appellant, and on its being approved and filed by the clerk of the court below, a writ of supersedeas will issue, suspending the order appointing the receiver, pending the appeal. In view of the early decision of the main case, to which this proceeding is ancillary, we deem an early disposition of this matter important; therefore, of our own motion, advance its submission, and set same down for the 16th day of May, 1941. (Signed) Looney, Associate Justice. Delivered April 29, 1941."

On the date set, as above mentioned, the case was argued, has been thoroughly briefed, hence we are brought to the question, whether or not, under the facts and circumstances presented, the trial court erred in appointing the receiver. We do not deem it necessary to discuss the grounds alleged for the appointment, or the evidence adduced, because, in view of the status of the proceedings, and without reference to the facts proven, we do not think the court was authorized to make the appointment. A receivership is never an end within itself, but merely an incident to a cause of action seeking other relief, (See Hermann v. Thomas, Tex.Civ.App., 143 S.W. 195; Style v. Lantrip, Tex.Civ.App., 171 S.W. 786; Continental Trust Co. v. Brown, Tex.Civ.App., 179 S.W. 939; Republic Trust Co. v. Taylor, Tex.Civ.App., 184 S.W. 772), and whether the application for the appointment is based upon statute, or the usages of equity, an appointment is only justified when it is necessary to preserve the subject matter of the litigation during the pendency of the suit. 23 R.C.L., p. 9, § 3.

The action to which the instant proceeding is ancillary was instituted by appellee for the cancellation of a certain instrument in writing, alleged to have been executed by her ward, of unsound mind at the time, conveying his undivided one-fourth interest in the community estate of his mother and father, inherited on the death of his mother, the sole purpose of the suit being the cancellation of the instrument just mentioned. Appellee admits that an action for the recovery of the property involved is not maintainable, "so long as the judgment

**184**

in cause No. 17093 stands superseded". (See page 38, appellee's brief).

■■ The judgment below in favor of appellee, canceling the instrument, having been superseded, we do not think it can be enforced by process, or made the basis for the appointment of a receiver, because, in either case, the effect would be to render the supersedeas ineffective. It is true, the statute authorizes the appointment of a receiver in an action by a vendor to vacate a fraudulent purchase of property, yet we do not think it permissible, where the effect of the appointment would be to nullify and render futile the rights of appellant obtained by having superseded the judgment. So, we conclude that the appointment of the receiver, under the admitted facts and circumstances, was wholly unauthorized and void. See Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326; Yett v. Cook, 115 Tex. 175, 268 S.W. 715; McConnell v. Libecap, Tex.Civ.App., 38 S.W. 2d 408; Rex Refining Co. v. Morris, Tex. Civ.App., 72 S.W.2d 687; Kimbrough v. State, Tex.Civ.App., 139 S.W.2d 165; Ex parte Kimbrough, 135 Tex. 624, 146 S.W. 2d 371.

However, if the field were open for the application of equitable remedies to properly protect the interest of appellee's ward, we do not think the facts and circumstances justified the application of the harshest and most radical remedy known to the law, but believe a less onerous remedy should have been sought; for if, finally, appellee should be successful in the litigation now in progress, or in contemplation, she will have established her ward's title and right to recover simply a one-fourth undivided interest in the large community estate of his father and mother, consisting largely of lands, compresses, oil mill property, and shares of stock in different corporations, all of which was placed in the hands of the receiver. The evidence, in our opinion, falls far short of showing that appellant is threatening to, or contemplates the disposition of any of these properties in fraud of the rights of appellee's ward.

■ In the case of Davenport v. Wood Motor Co., Tex.Civ.App., 107 S.W.2d 1093, Judge McClendon used language which we think pertinent here; he said "Receivership is one of the harshest remedies known to the law, and should never be awarded where adequate legal or less onerous equitable remedy is available. Shell Petroleum Corp. v. State (Tex.Civ.App.) 86 S.W.2d 245. Moreover, the applicant for receiver is not required to give bond indemnifying the owner of the property, in case the application is improperly granted. * * *" Also, see Williams v. Williams, 60 Tex.Civ.App. 179, 125 S.W. 937, 941; Fisher v. First Nat. Bank, Tex.Civ.App., 112 S.W.2d 1085; Rex Refining Co. v. Morris, Tex.Civ.App., 72 S.W.2d 687, 692.

■ If, by reason of the facts alleged as grounds for the appointment of the receiver, appellee deemed the interest of her ward inadequately protected by the supersedeas bond already given, she could have availed herself of the remedy provided by Art. 2272, R.C.S., which, in our opinion, furnishes the only relief in a situation such as is presented.

It follows that, in our opinion, the court erred in appointing the receiver, hence the judgment below is reversed, and judgment here rendered in favor of the appellant, dissolving the receivership.

Reversed and rendered.