## F. E. WINDSOR v. F. H. TILLOTTSON.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF WARREN COUNTY.

Argued May 8, 1890—Decided May 19, 1890.

(a) A judgment entered by confession was opened, proceedings on a fieri facias to stay in the meantime, and an issue awarded, which was afterwards tried and a verdict rendered for the plaintiff. Pending a motion and rule granted for a new trial of the issue, the plaintiff issued a venditioni exponas:

1. The pendency of the rule to show cause why a new trial of the issue should not be granted left the judgment open; the issuance of the writ of venditioni exponas was therefore improvident, and it was not error to set it aside though the rule for a new trial had previously been discharged.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 27 July Term 1890, Sup. Ct.; court below, No. 163 June Term 1887, C. P.

On June 12, 1887, a judgment was entered by confession, on a note with warrant of attorney, in favor of F. E. Windsor against F. H. Tillottson for the sum of $945, and on the same day a testatum fieri facias was issued directed to the sheriff of Elk county, and a levy made thereunder upon personal property of the defendant.

On July 18, 1887, on petition of the defendant to the Court

Arguments.

of Common Pleas of Warren county, the writ of testatum fieri facias was ordered to be stayed, the lien of the levy to remain; and, on July 21st, the sheriff of Elk county returned the writ with the order to stay attached.

On January 16, 1888, after hearing, an order was made opening the judgment, to let the defendant into a defence, and awarding an issue. This issue was tried on April 3, 1888, when the jury returned a verdict for the plaintiff for $459.25, " with interest," etc. On April 5, 1888, " motion on behalf of defendant for a new trial, and rule to show cause granted."

On April 14, 1888, a testatum venditioni exponas was issued, to No. 49 June Term 1888, directed to the sheriff of Elk county; and on April 19, 1888, the writ was returned by the sheriff of Elk county, " with sale of property indorsed thereon, and application of proceeds of sale," etc.

On May 28, 1888, the defendant by his attorneys moved to set aside the writ of testatum venditioni exponas, " for the reason that no judgment had been entered in above case prior to the issuing of the writ; and there is no judgment now entered in above entitled case." Rule granted.

On June 25, 1888, after argument, the rule for a new trial was discharged, and, on July 23d, the rule to show cause why the said writ should not be set aside was made absolute. Thereupon the plaintiff took this appeal, specifying that the court erred in making absolute the defendant's rule to show cause, and in setting aside the plaintiff's writ of testatum venditioni exponas.

*Mr. Samuel T. Neill*, for the appellant.

Counsel cited: Spang v. Commonwealth, 12 Pa. 358; Zimmerman v. Muffly, 1 W. N. 157; Bole v. Bogardis, 86 Pa. 37; Jenkintown N. Bank's App., 124 Pa. 337; Knarr's App., 19 W. N. 531; 2 Daniell's Ch. Pr., 1467; Pontius v. Nesbit, 40 Pa. 309.

*Mr. Chas. H. Noyes* (with him *Mr. W. D. Hinckley*), for the appellee.

Counsel cited: 1 Tr. & H. Prac., §§ 740–741; Dennison v. Leech, 9 Pa. 165; Savage v. Kelly, 11 Phila. 527.

Statement of Facts.

PER CURIAM:

We are very clear that this writ of venditioni exponas was improvidently issued. The judgment had been opened, proceedings to stay in the meantime. The issue had been tried in the court below with the result of a verdict in favor of the plaintiff. A motion was made for a new trial, and pending this motion the execution was issued. The case was not determined. The pendency of a motion for a new trial left it open. Under such circumstances, it was not only irregular to issue the writ of venditioni exponas, but it came dangerously near being a contempt of court. It was probably not so intended.

Order affirmed.

