## McMILLAN v. McMILLAN.
### No. 11699.

Court of Civil Appeals of Texas. Dallas.
Dec. 9, 1933.

Rehearing Denied Jan. 20, 1934.

Juergens & Jones and Geo. C. Cochran, all of Dallas, for appellant.

J. L. Turner, of Dallas, for appellee.

LOONEY, Justice.

The record discloses that, on August 17, 1933, the court below entered a decree granting James McMillan, plaintiff, a divorce from Susie McMillan; also partitioned the community property belonging to the parties, adjudicated the separate property rights of each, and decreed accordingly. On August 19th, the second day after judgment and prior to its entry upon the minutes (September 2d), a writ of possession issued at the instance of plaintiff, was placed in the hands of R. A. Schmid, sheriff of Dallas county, and was executed August 22d, dispossessing defendant, and delivering possession to plaintiff, of the property, real and personal, according to the decree, including the homestead of the parties; that on August 23d (within statutory time) defendant moved for a new trial, which being denied, notice of appeal was given and perfected September 19th, and, defendant being desirous of suspending the judgment, on request the court fixed the amount of the supersedeas bond, and, the same being filed and approved November 15th, a writ of supersedeas issued and was served upon the sheriff.

Defendant also sought an order directing and compelling plaintiff and the sheriff to restore to her possession the property, real and personal, of which she was dispossessed August 22d, under the writ, but, the court being of opinion that it was without jurisdiction, this relief was denied.

In this status, Susie McMillan filed in this court an application for mandamus, or mandatory injunction, commanding and compelling the sheriff and James McMillan, plaintiff, to restore the property taken from her possession, as above mentioned, and that the status quo be in all things re-established.

Plaintiff answered, vigorously combating defendant's right to the relief sought; the sheriff answered, in effect, that he had been duly served with a writ of supersedeas, and that, being doubtful as to his rights and duty in the premises, was willing to obey the orders of this court.

■ As shown above, the writ of possession was issued and executed after the rendition of the judgment, but before it was entered upon the minutes of court. That this procedure was premature and unauthorized, there can be no doubt. See Hubbart v. Willis State Bank, 55 Tex. Civ. App. 504, 119 S. W. 711 (writ refused); also Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040, 1043. In the case last mentioned, Judge Phillips, for the Supreme Court, said: "No execution could issue in the first place until it (the judgment) was entered in the minutes"—citing Brown v. Reese, 67 Tex. 318, 3 S. W. 292; Hubbart v. Willis State Bank, 55 Tex. Civ. App. 504, 119 S. W. 711.

■■ However, if these facts stood alone, doubtless it could be correctly said that the entry of judgment September 2d related back to its rendition and effectually validated the writ prematurely issued and the action of

the sheriff thereunder, but this idea is forbidden, because it is shown that in due time defendant moved for a new trial; this being denied, she excepted, gave notice of appeal, perfected same, and superseded the judgment. This, in our opinion, effectually avoided the premature writ and the proceedings thereunder, and, as the judgment was superseded, defendant is, in our opinion, entitled to have the status quo re-established. See McConnell v. Libecap (Tex. Civ. App.) 38 S.W.(2d) 408, 410.

 The issuance of execution, being a ministerial act, is not authorized until the judgment becomes final; hence, the pertinent question, When does a judgment attain the status of finality, so as to authorize the issuance of execution? The answer, in our opinion, is, not until the losing party has either waived or lost the right to move for a new trial or to appeal, for, until the time allowed by statute to move for a new trial or to perfect an appeal elapses, the case is open, and, in the respect under consideration, the judgment is not final.

In Windsor v. Tillottson, 135 Pa. 208, 19 A. 817, pending motion for a new trial, execution was issued. With reference to this procedure, the Supreme Court of Pennsylvania said: "The case was not determined. The pendency of a motion for a new trial left it open. Under such circumstances, it was not only irregular to issue the writ, * * * but it came dangerously near being a contempt of court." In Danielson v. Northwestern Fuel Co. (C. C.) 55 F. 49, the court held that: "No execution could issue until a final judgment is rendered. The judgment became final at the time when the motion for a new trial was determined." Case affirmed (C. C. A.) 57 F. 915. Also see Merrimack, etc., Bank v. Clay Center, 219 U. S. 527, 31 S. Ct. 295, 55 L. Ed. 320, Ann. Cas. 1912A, 513.

█ As was said in McConnell v. Libecap, supra, so we say here, that: "The appeal, with supersedeas, conferred upon this court jurisdiction to protect the rights of relator pending appeal, not only by preventing enforcement of the judgment, but by requiring the restoration of the status quo. See McDowell v. Hightower, 111 Tex. 585, 242 S. W. 753; Houston, etc., Co. v. Hornberger, 106 Tex. 104, 106, 157 S. W. 744; Houston, etc., Co. v. Hornberger (Tex. Civ. App.) 141 S. W. 311, 313. To hold otherwise would be to give full force and effect to the judgment and to ignore the right of relator to have the same stayed pending appeal. See People's Cemetery Ass'n v. Oakland C. Co., 24 Tex. Civ. App. 668, 60 S. W. 679, 680; Timpson & H. R. Co. v. State (Tex. Civ. App.) 222 S. W. 322; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 6, 106 S. W. 326.".

We therefore direct R. A. Schmid, sheriff of Dallas county, or his deputy having the matter in charge, to cancel any return indorsed upon the writ of possession showing its execution, and return same unexecuted, because superseded; that the sheriff and plaintiff restore to defendant the properties, real and personal, of which she was dispossessed under the writ on August 22d, and the clerk of this court is directed to issue all necessary notices, writs, and process, comprehended by this order, unless respondents waive issuance and accept service thereof.

We have not considered, nor do we express any opinion as to, the merits of the appeal. The costs of these proceedings will be taxed against respondents.

Mandatory injunction granted.