### GRAND LODGE A. O. U. W. OF TEXAS v. J. J. DE LA GARZA CLEGHORN ET AL.

Decided December 21, 1898.

**Bonds—Extent of Recovery Upon—Interest.**

Sureties upon an intervener's bond for costs are not liable in excess of the penalty stated in the bond, whether it be a common law bond or a statutory one, except that in an action on a statutory bond plaintiff may recover interest in a proper case.

APPEAL from Bexar. Tried below before Hon. ROBERT B. GREEN.

*Geo. R. Hines* and *Robson & Duncan,* for appellant.

*Clark & Ball,* for appellee.

NEILL, ASSOCIATE JUSTICE.—In June, 1896, Josefa Jesusa de la Garza Cleghorn brought suit in the District Court of Bexar County against the Grand Lodge of Ancient Order of United Workmen of Texas upon a benefit certificate issued to one Benjamin Cleghorn, a member of said order. Afterwards, another person under the name of Josefa Jesusa de la Garza Cleghorn intervened in the cause, and claimed that she was entitled, as the surviving wife of Benjamin Cleghorn, to recover on said

benefit certificate.   At the March term, 1897, of the District Court, the court at the instance of the grand lodge entered a rule requiring said intervener to give a bond for costs.   Whereupon she as principal, and Wm. M. Knox, B. J. Dewitt, E. G. Jones, and Jose Cassiano as sureties, executed a bond which is, in words and figures, as follows, to wit:

"*State of Texas, County of Bexar.*—Know all men by these presents that we, Josefa Jesusa de la Garza Cleghorn as principal, and ———— and ———— as sureties, are held and firmly bound unto the clerk of the District Court of Bexar County and his successors in office in the sum of ten dollars, for the payment of which well and truly to be made we bind ourselves, our heirs, and legal representatives firmly by these presents.

Whereas, in a suit in the District Court of said county wherein the said Cleghorn is intervener and the A. O. U. W. Grand Lodge is defendant.   Now the condition of the above is such that if the intervener shall well and truly pay all costs that have accrued in said suit or may accrue in said cause, by reason of such intervention, then this obligation shall be null and void else remain in full force and effect.

"Witness our hand and scrawls, by way of seals, this the 4th day of March, A. D. 1897.

(Signed)   "WM. M. KNOX,
                "B.  J. DEWITT,
                "E. G. JONES,
                "JOSE CASSIANO."

This bond was, on the 4th day of March, 1897, approved by Nat Lewis, clerk of the District Court of Bexar County.

Afterwards the case was tried in the District Court, and the trial resulted in the judgment in favor of said intervener against the lodge for $2000 and costs.

From this judgment the grand lodge appealed to this court, and upon hearing the case we reversed the judgment and rendered judgment in favor of the grand lodge against the intervener, and for all costs expended in the suit.   But by inadvertence the cost bond hereinbefore copied was omitted from the record on appeal, and for that reason no judgment was entered against the sureties on said bond.   Application was made by the intervener to the Supreme Court for writ of error, and such application was denied.   When the mandate from this court was sent to the court below, a motion was filed by the grand lodge, which was joined in by Nat Lewis, clerk of the District Court of Bexar County, H. E. Hildebrand, clerk of this court, and C. S. Morse, clerk of the Supreme Court, against the sureties on said bond, requiring them to show cause why judgment should not be entered against them for all costs which had accrued against them in this cause, for which said intervener is liable, which amounted to the sum of $200.

After the bondsmen were cited, they appeared and answered that the bond limited their liability to ten dollars, which they tendered in court.

sureties having tendered and paid into court $10 claimed to be due by them, they were not further liable upon the bond for costs, and rendered judgment in their favor. From this judgment the grand lodge has appealed to this court.

*Opinion.*—If the instrument upon which the motion is based should be regarded as a common law bond as distinguished from a statutory one, the judgment appealed from is correct. For it is well settled that in an action on such a bond no damages incurred can be recovered against any principal or surety beyond the penalty. Sedg. on Dam., sec. 677. If it should be regarded as a statutory bond, the judgment is likewise correct; for the rule is, that "in all actions upon statutory bonds the penalty fixed in the bond is the absolute limit of the damages, except that the plaintiff may in a proper case recover interest. Sedg. on Dam., sec. 680; 24 Am. and Eng. Enc. of Law, p. 758, note 1. So, however the bond may be regarded, there is no error in the judgment appealed from, and it is affirmed.

*Affirmed.*