## LOCKE et al. v. BEAL. (No. 8372.)

(Court of Civil Appeals of Texas. Galveston. Dec. 14, 1923.)

Bonds ⬤➾135—Judgment for amount in excess of penalty held error.

A judgment against sureties on a statutory bond for an amount in excess of the penalty fixed thereby is error.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action of forcible detainer by F. R. Beal against L. E. Locke and others. From a judgment against defendant L. E. Locke for possession of the property, and against him and the sureties on a replevy bond, defendants appeal. Reformed and affirmed.

Woods, King & John, of Houston, for appellants.

Mark M. Carter, of Goose Creek, and Meek & Kahn, of Houston, for appellee.

PLEASANTS, C. J. This is an action of forcible detainer brought by the appellee against appellant Locke to secure possession of a building situated on lot 8 in block 10 of the town of Goose Creek in Harris county, and rents and damages for the unlawful detention of the property.

Upon the filing of the suit in the justice court, appellee filed a bond as required by the statute, and obtained a writ of possession. On the service of such writ, appellant Locke filed a replevy bond in the sum of $500, with appellants N. J. King and Claude W. Smith as sureties.

The trial in the justice court resulted in a judgment in favor of the defendant. On appeal and trial de novo in the county court, appellee recovered a judgment against Locke for the possession of the property, and against him and the sureties on his replevy bond for the sum of $750 as rental value of the property.

We have carefully examined the record, and find no error in the judgment, other than that portion thereof giving appellee judgment against the sureties on the replevy bond for an amount in excess of the penalty fixed by the bond. We think this was error. It seems to be a well-settled general rule in this state that in all suits upon statutory bonds the penalty fixed in the bond is the limit of the liability of the sureties. The rule appears to us to be sound and just, and there is nothing in the facts of this case to justify a departure therefrom. Grand Lodge v. Cleghorn et al., 20 Tex. Civ. App. 134, 48 S. W. 750.

We think the judgment of the trial court should be reformed so as to limit the liability of the sureties to the sum of $500, and as so reformed should be affirmed, and it has been so ordered.

Reformed and affirmed.