### CHESLEY et al. v. REINHARDT et al. (No. 2086.)

Court of Civil Appeals of Texas. El Paso. Dec. 15, 1927.

**1. Insurance ⬅83(1)—Judgment for obligees on allegation that principals failed to pay over insurance premiums collected held not sustainable on ground liability arose under bond whether premiums were collected or not.**

Where insurance company's general agents, named as obligees in bond given by local agents appointed by them, intervened in company's action on the bond to recover premiums collected by local agents, and in their pleadings alleged that local agents collected premiums and based right to recover on provision in bond binding principals to pay over moneys received for premiums or otherwise, but evidence failed to show that local agents collected any money as alleged, judgment for general agents could not be sustained on ground that defendants became liable for premiums on policies issued by local agents whether collected or not.

**2. Parties ⬅40(2)—General agents paying premiums due from local agents held entitled to intervene in company's action on bond in which they were obligees.**

Where insurance company's general agents, named as obligees in bond given by local agents appointed by them, on ceasing to represent company paid amount due on premiums collected and collectable by local agents to company as required by their contract, they were entitled to intervene in company's action on bond to recover amount of such payment, since they were not volunteers in making payment.

**3. Bonds ⬅135—Sum named in penal bond as penalty limits amount recoverable in action on bond.**

In an action on a penal bond, no recovery can be had against principal or surety beyond the penalty named, since purpose of stating penalty is to limit or fix liability of signers of bond.

**4. Bonds ⬅137—Bond obligating makers to pay attorney's fees in case of suit did not enlarge recovery beyond stipulated penalty.**

Provision of penal bond "further" obligating makers to pay attorney's fee in case of suit *held* merely to impose an obligation to pay such fee, provided it did not enlarge recovery beyond amount of stipulated penalty.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Girard Fire & Marine Insurance Company against John I. Chesley and others, in which S. L. Reinhardt and others intervened. From a judgment that plaintiff take nothing, and in favor of interveners against all defendants, defendants appeal. Reversed and remanded.

Patterson & Grantham, of Cisco, and C. J. O'Connor, of Breckenridge, for appellants.

McCormick, Bromberg, Leftwich & Carrington, of Dallas (W. C. Gowan, of Dallas, of counsel), for appellees.

HIGGINS, J. S: L. Reinhardt, Andre A. Blum, and Harry Fisher, as partners, were engaged in business in Dallas under the firm name of I. Reinhardt & Son. The firm was the general agent in Texas for the Girard Fire & Marine Insurance Company, and, as such, appointed the firm of Chesley & Chesley, composed of John I. and Furber Chesley, local agents of said company at Cisco, Tex.

Chesley & Chesley executed a bond, the pertinent portions of which read:

"Know all men by these presents: That we, John I. Chesley and Furber Chesley, doing business under the name of Chesley & Chesley, as principal, and L. A. Carter and L. E. Shockley, as sureties, are held and firmly bound unto I. Reinhardt & Son, general agents of the following insurance companies, viz.: Girard Fire & Marine Insurance in the sum of one thousand dollars, lawful money of the United States of America to be paid at Dallas, Texas, to the said I. Reinhardt & Son, general agents. * * *

"Whereas, the above-bounden Chesley & Chesley have been by I. Reinhardt & Son, general agents, appointed agents of the said insurance company to act in that capacity for the obtaining of insurance and other matters pertaining thereto for said company in and for Cisco, Texas, and vicinity.

"The condition of the above obligation is such that, if the above-bounden agents shall faithfully and punctually pay over, at Dallas, Texas, to said I. Reinhardt & Sons, general agents, all sums due, or that may become due to them as general agents aforesaid, from time to time, for moneys collected or received by said agents for premiums on policies of insurance, or for any other account whatever, * * * and shall well and truly perform all the duties of such agents of said company, * * * then this obligation shall be null and void, otherwise to remain in full force and effect. * * *

"And said principal and sureties further obligate themselves to pay any and all attorney's fees, charges or expenses which the said I. Reinhardt & Son, general agents, may incur by reason of being compelled to sue on this bond."

This suit was filed by the insurance company against the principals and sureties up-

on said bond to recover a balance of $997.03 for premiums alleged to have been collected by the principals and not accounted for. Later I. Reinhardt & Son intervened, setting up the execution of the bond; that Chesley & Chesley had received as premiums on policies of insurance of said company issued through them as local agents, and other money of the plaintiff and interveners, the sum of $1,352.-90, upon which, after allowing certain credits, there was a balance due of $997.03; that since the institution of the suit interveners had ceased to represent the plaintiff and under the contract between plaintiff and interveners they were obligated to pay and had paid said sum to the plaintiff; wherefore interveners were entitled to recover said sum of the defendants, with interest. Judgment was also sought for attorneys' fees.

Upon trial without a jury judgment was rendered that the plaintiff take nothing and in favor of interveners against all defendants for $1,100 and against Chesley & Chesley for the further sum of $97.85.

[1] The evidence wholly fails to show that Chesley & Chesley collected any money for premiums or otherwise as the interveners allege. Appellants' assignment based upon this defect in the evidence is sustained.

The only reply made by the appellees to this phase of the case is that one of the conditions of the bond was that the principals would well and truly perform all the duties of such local agents, and as the collection of premiums is one of the duties of a local agent, the defendants became liable for premiums on policies issued by the local agents whether collected or not. This does not at all meet the issue in the state of interveners' pleadings. They alleged that the moneys had been received by Chesley & Chesley and based their right of recovery upon that ground and the provision in the bond binding the principals to pay over moneys collected or received for premiums or any other account. This necessitates reversal. but, in view of retrial, we will briefly indicate our view of the other questions presented.

The first proposition becomes unimportant in view of the fact that the demand of the original plaintiff has been paid by interveners and such plaintiff has no further interest in the suit.

[2] As to the second point, the bond is payable to the interveners and they have the right to maintain this action thereon. In making payment to the insurance company they were not volunteers, because they were legally bound to make such payment by virtue of the contract between them and the insurance company.

As to the third and fourth points, it is an issue of fact whether Furber Chesley had withdrawn from the firm of Chesley & Chesley prior to the date the policies were issued upon which premiums are here sued for. It is also an issue of fact whether interveners had notice of such withdrawal, if, in fact, he did withdraw. Since the case must be retried, comment upon the evidence bearing upon these issues is inappropriate.

[3] Appellants, by their last proposition, complain that the judgment rendered is in excess of the penalty named in the bond. This is well taken. The object of stating the penalty in a bond is to fix the limit of the liability of its signers. Morrison v. Boggs, 44 Neb. 248, 62 N. W. 473. In an action upon a penal bond no recovery can be had against any principal or surety beyond the penalty named. Grand Lodge A. O. U. W. of Texas v. Cleghorn, 20 Tex. Civ. App. 134, 48 S. W. 750; Locke v. Beal (Tex. Civ. App.) 257 S. W. 302.

[4] The provision in the present bond "further." obligating the makers to pay attorneys' fees in case of suit did not enlarge the measure of recovery beyond the penalty named. It merely imposed an obligation to pay such fee, provided it did not enlarge the recovery beyond the amount of such penalty.

Reversed and remanded.