**FERGUSON v. FERGUSON et al.**

No. 1337.

Court of Civil Appeals of Texas. Eastland.

Feb. 9, 1934.

Rehearing Denied March 30, 1934.

See, also, 121 Tex. 119, 45 S.W.(2d) 1096; (Tex. Civ. App.) 66 S.W.(2d) 755; Ferguson v. Mauzey (Tex. Civ. App.) 69 S.W.(2d) 597.

T. R. Odell, of Haskell, and Le Roy Paddock and Vern D. Adamson, both of Dallas, for relator.

E. V. Hardwick, of Stamford, and Davis & Davis, W. H. Murchison, Jr., and F. M. Robertson, all of Haskell, for respondents.

HICKMAN, Chief Justice.

This is an original proceeding filed in this court by A. M. Ferguson individually, and in his capacity as temporary administrator of the estate of Kate F. Morton, deceased, against Joe Lee Ferguson, Lois Earnest Post, clerk of the district court of Haskell county, W. T. Sarrells, sheriff of Haskell county, and G. P. Humphreys, sheriff of King county. In substance the petition alleges that on the 23d day of October, 1933, a judgment was rendered in the district court of Haskell county in cause No. 4380 wherein relator was plaintiff, and respondent Joe Lee Ferguson was defendant. That thereafter on the 2d day of January, 1934, relator filed in the office of Mrs. Post, district clerk, his petition for writ of error to remove the judgment to this court for review, and upon the same day relator, in his individual capacity, filed with said clerk a supersedeas bond, which was approved by her. That on the 6th day of January, 1934, the clerk issued a citation in error, which was on that day served upon respondent Joe Lee Ferguson, whereupon jurisdiction became vested solely in this court to determine the issues involved in said cause. That thereafter on the 20th day of January, 1934, respondent Joe Lee Ferguson ordered Lois Earnest Post, as district clerk, to issue two writs of possession in said cause and delivered one of them to respondent Sarrells, sheriff of Haskell county, and one to respondent Humphreys, sheriff of King county, directing the said sheriffs immediately to place him in full and absolute possession of all the properties located in their respective counties, and decreed to him by the said judgment. That the sheriffs aforesaid are each now attempting and threatening to execute the writs and to oust and eject relator, both in his individual capacity and in his capacity as temporary administrator, from his and said estate's possession of said property.

It is next alleged that, upon the issuance of said writs of possession, relator prepared and presented to respondent Lois Earnest Post, district clerk, a writ of supersedeas, requesting her to issue same directing Sheriff Sarrells, aforesaid, to suspend all further proceedings under the writ of possession delivered to him until the cause should be finally determined by this court; that the clerk refused, and still refuses, to issue said writ of supersedeas, or to recall the writs of possession, and each of the aforesaid sheriffs is attempting and threatening to execute said writs of possession, and will do so unless restrained and prohibited by this court. The allegation is made that respondent Joe Lee Ferguson is wholly insolvent and cannot be made to respond in damages, and that relator has no adequate remedy at law.

Follow then the allegations that the jurisdiction of this court is being invaded, and that, unless an injunction is issued, relator will be deprived of his right to have said judgment reviewed by this court, or, if said injunction should be by this court refused, the question will have become moot; that this court, in the protection and safeguarding of its jurisdiction, should cause to be issued and served a temporary injunction restraining and enjoining each of the defendants, their agents, representatives, attorneys, deputies, and employees, from further executing, or attempting to execute, the writs of possession, or any other process of any kind or character out of the district court in said cause, save and except the writ of supersedeas, until the final determination of the cause by this court and by the Supreme Court, if a writ of error thereto should be

had. Further prayer was that a mandatory injunction, or mandamus, issue to Lois Earnest Post, district clerk, commanding her instanter to issue the writ of supersedeas.

The petition does not set out in full the judgment in cause No. 4380, which it is claimed was superseded by the bond filed and approved on January 2, 1934, but a part of the judgment disclosing its general nature is embodied therein. It was a judgment adopting as the judgment of the district court an award theretofore made by three arbitrators, W. B. Combest, T. E. Ballard, and ———, Luttrell. The award was embodied in the judgment. It discloses that the arbitrators were selected by A. M. Ferguson and Joe Lee Ferguson and Judge I. O. Newton, of Seymour, in accordance with the agreement and contract of A. M. Ferguson and Joe Lee Ferguson dated September 17, 1932, and approved by Hon. Joe A. Jones, county judge of Haskell county. The award disposes of many issues. Each of the parties thereto had a large number of claims against each other and the estate which were disposed of. After a disposition of all these various claims and the awarding of various unvalued choses in action, the board of arbitrators proceeded to partition the residue of the property, both real and personal, of the estate of Kate F. Morton, deceased, valued at more than $200,-000, between A. N. Ferguson and Joe Lee Ferguson, the residuary legatees of said estate. The bulk of the property awarded to A. M. Ferguson is personal property, and the bulk of that awarded to Joe Lee Ferguson is real estate.

The bond claimed by relator to have superseded or stayed the execution of the judgment of the trial court was in the penal sum of $1,000, and conditioned as follows: "That the said A. M. Ferguson, in his individual capacity, plaintiff-in-error, shall prosecute his said writ of error with effect, and, in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence, or decree, and pay all such damages as said court may award against him, and in addition to said provisions herein recited and not placing the responsibility and liability thereof upon or within the penal sum of $1,-000 hereinbefore named, conditioned further that the said A. M. Ferguson, in his individual capacity, shall, in case the judgment is affirmed, pay the said Joe Lee Ferguson, defendant-in-error, the value of the rent or hire of such real property, in any suit which may be brought therefor." There is not brought with the application a certified copy of the bond filed in the court below, but the allegation is that Lois Earnest Post, as clerk of the district court, indorsed thereon that she had fixed the probable amount of the costs in the trial court, Court of Civil Appeals, and Supreme Court, at $250, and approved "the foregoing bond." There is attached to respondent's reply to the application an affidavit by Mrs. Post in which she states that she estimated the costs at $500, and not at $250, as alleged, and that she approved the bond as a cost bond only; that she was advised by an attorney of relator that it was a cost bond only; that she had never approved same as a supersedeas bond and had never been requested to do so. Further statement is that she was later informed that a contention was being made that she had approved the bond as a supersedeas bond; that she thereupon discussed the matter with the attorneys for the respective parties, who agreed that she should indorse her approval thereon as follows: "Approved as a cost bond only, and not as a supersedeas bond," which she did. It is not claimed that the trial judge fixed the amount of a supersedeas bond, neither is it claimed that he was ever called upon so to do.

The applicable statutes are as follows:

"Art. 2270. An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him. .

"Art. 2271. Where the judgment is for the recovery of land or other property, the bond shall be further conditioned that the appellant or plaintiff in error shall, in case the judgment is affirmed, pay to the appellee or defendant in error the value of the rent or hire of such property in any suit which may be brought therefor."

It is now the settled law of this state that article 2270 does not except from its operation any class of judgments. Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326; Lawler v. Wray (Tex. Civ. App.) 8 S.W. (2d) 524; Houtchens v. Mercer, 119 Tex. 431, 29 S.W.(2d) 1031, 69 A. L. R. 1103. Since

the appeal was not from a money judgment, that statute does not prescribe the amount of the supersedeas bond. In such cases it is necessary for the court to fix the amount thereof. Hill v. Halliburton, 32 Tex. Civ. App. 21, 73 S. W. 21; Houtchens v. Mercer, supra. In the last-cited case, a mandamus was issued directing the district judge to fix the amount of a supersedeas bond, a thing which would not have been done if the fixing thereof was within the discretion of the relator or the clerk. The only way to stay the execution of a judgment, other than one for money, is by filing a bond approved by the clerk in the penal sum fixed by the court. There is absent from this petition the essential allegation that the trial court had fixed the amount of the bond.

█ As we understand the applicant's theory, it is that the bond is sufficient under the provisions of article 2271, above copied. The argument is made that the judgment sought to be superseded was one for the recovery of land or other property, and that, in order to supersede such a judgment, no penal sum need be stated in the bond, but that the liability of the sureties is for the value of the rent and hire of the property, which liability may exceed the penal sum named in the bond. If the contention is correct, it would be idle to have the amount fixed; but we cannot agree with this contention for several reasons. In the first place, the sole object of naming the penalty in a bond is to fix the limit of the liability of the signers, and no recovery can be had on such bond against the principal or sureties beyond the penalty named. Grand Lodge, A. O. U. W. of Texas v. Cleghorn, 20 Tex. Civ. App. 134, 48 S. W. 750; Edwards v. Adams (Tex. Civ. App.) 122 S. W. 898; Locke v. Beal (Tex. Civ. App.) 257 S. W. 302; Chesley v. Reinhardt (Tex. Civ. App.) 300 S. W. 973. In the case last above cited there was a provision in a bond whereby the principal and sureties undertook to "further obligate themselves to pay any and all attorney's fees," etc. The contention was made that the effect of this provision was to enlarge the measure of recovery beyond the penalty named, but it was held that its effect was merely to impose an obligation to pay such fee, provided it would not enlarge the recovery beyond the amount of the penalty. The provision of article 2271 is that, where the judgment is for the recovery of land, or other property, the bond shall be *further conditioned*. That article should not be construed as providing a *further obligation* than that named in the next preceding article. It

does not deal with the obligation, but only with the conditions of the bond. The adding of a further condition does not have the effect of increasing the obligation. A "condition," as applied to a bond, is the expression of an event or contingency, upon the happening of which the obligation attaches. The limit of liability on the bond tendered by relator was $1,000.

█ In the second place, should we be mistaken in our construction of this statute, and should it be considered that the bond in question was not limited by the penal sum therein named, our conclusion would not be altered. The answer swore away the equities of the bill. According to the affidavit of the district clerk, she approved this bond as a cost bond only. That is to say that she was satisfied with the solvency of the sureties to the amount of $1,000. If the bond should be construed as obligating the sureties in a greater amount than that, the same has not been approved by the clerk. We recognize that there is some conflict between the statements in the application and those in the affidavit of Mrs. Post, and we do not undertake to pass upon the credibility of the parties; but in order to grant the mandamus prayed for, the essential facts must be undisputed. Such writ will be issued only when a clear right thereto is shown.

█ In the third place, the judgment in the instant case was not for the recovery of land or other property, but for a partition and division thereof, for which reason article 2271 has no application.

It is further contended that the appeal was by A. M. Ferguson in his fiduciary capacity as temporary administrator, as well as by him individually, and that the effect of the filing by him in that capacity of a petition in error was to stay the proceedings in the court below without the necessity of any bond whatever. An examination of the judgment reveals that it was rendered between the parties thereto as individuals. The effect of the judgment was to set aside property of the estate of Kate F. Morton, deceased, to Joe Lee Ferguson individually, and another part to A. M. Ferguson individually; the two being the residuary legatees. As above stated, the petition states that only part of the judgment is set out therein, but the part so set out affirmatively discloses that the controversy was between the individuals Joe Lee Ferguson and A. M. Ferguson as to certain claims of each, and for a partition and distribution of the residue of the estate. The estate, as such, had no con-

cern about how the property was distributed. It cannot be held that such judgment is one against relator in his fiduciary capacity.

At the conclusion of his brief filed herein, relator prays that, in the event it should be adjudged that the bond heretofore filed herein is insufficient as a supersedeas bond, leave be granted him to file an amended bond, under such terms and on such conditions as this court may prescribe. We are not authorized to grant this prayer. The trial court alone has the power to fix the amount of a supersedeas bond. There exists no authority in this court to do so.

The application for injunction is denied.

## On Rehearing.

### PER CURIAM.

The motion for rehearing challenges the correctness of the court's holding on practically all questions decided in the original opinion, and each has been given a careful reconsideration. However, we are of the opinion that only one question decided should have a fuller discussion. That question is presented by the contention that the petition in error was filed by A. M. Ferguson in his capacity as temporary administrator, and that, therefore, no bond of any character was required to supersede the judgment of the court below in so far as same affected the estate.

There are pending in this court a number of motions between the same parties and involving the same subject-matter. It is impossible to consider these motions separately without taking cognizance of the contents of each. The record, as presented in these several motions, discloses this history of the litigation: On September 17, 1932, A. M. Ferguson and Joe Lee Ferguson executed a contract called "Arbitration and Partition Agreement." This agreement recites the facts relative to the settlement of the estate of Kate F. Morton and of the litigation between the parties. Joe Lee Ferguson and A. M. Ferguson are the residuary legatees under the will of Mrs. Morton. It would be of no value to set out all the terms of the agreement to arbitrate, but, among other things, it provides that the property should be partitioned between them as individuals, and that: "It is further understood between the parties hereto that, as to the real estate so set aside by the partition, that each party may go into possession of his respective share subject to the lien fixed by any valid bequest in said will and any debt due by

the estate." The agreement further provided that the award of the board of arbitration would be final and no appeal would be taken therefrom. The relief sought in this court in the case at bar is an injunction to prevent respondent Joe Lee Ferguson from taking possession of the real estate awarded to him by the board of arbitration, which award was adopted by the judgment of the district court. The title to this real estate is not affected and the rights of the estate are not lost by the taking of possession of the real estate by Joe Lee Ferguson. The only interest the estate could have, as such, in the matter would be to preserve sufficient property thereof to satisfy the indebtedness of the estate and the legacies provided by the will. These debts and legacies could not be defeated by the act of Joe Lee Ferguson in taking possession of the real estate awarded to him. The estate, as such, cannot be concerned with how it is distributed as between the two residuary legatees.

Further, in order to show his right to the extraordinary writ of injunction in this court, it devolved upon relator to allege facts showing that his substantial rights would be violated but for the issuance of such injunction. The record brought to this court discloses that the judgment from which the writ of error is being prosecuted was one merely adopting the award of the board of arbitration. No facts are alleged showing any right of appeal by A. M. Ferguson, as administrator or individually, from such judgment. R. S. 1925, art. 233. The record is further insufficient to show any right in A. M. Ferguson, as administrator, or otherwise, to institute the suit in the district court, in that there is no showing that the petition alleged the existence of fraud or other exceptional facts authorizing the court to set aside the award. This court's authority to issue the writ prayed for is limited to one purpose, and that is the protection of its own jurisdiction pending determination of the main case. There is no sufficient showing that we have jurisdiction of the main case, or that, if we have such jurisdiction, our judgment would become moot because of the fact that Joe Lee Ferguson has possession of this real estate at the time our judgment is rendered. By the terms of the agreement to arbitrate, the property, while in the possession of Joe Lee Ferguson, would still remain subject to any valid order of the court. Such right of possession does not by the terms of the agreement carry with it the absolute title free of claims against the estate.

It follows that the estate will not suffer by the possession of respondent.

The motion for rehearing will be overruled.