## FIRST NAT. BANK OF BROWNFIELD v. MASSACHUSETTS BONDING & INS. CO.

### No. 4168.

Court of Civil Appeals of Texas. Amarillo.

March 5, 1934.

Rehearing Denied March 26, 1934.

Warehousemen ☞18.

Lockhart & Brown, of Lubbock, for appellant.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, and A. M. Scott, of Lubbock, for appellee.

HALL, Chief Justice.

The appellant bank sued the appellee as surety on a statutory bond of L. B. Halbert, a public warehouseman. Halbert operated a

grain elevator at Edmonson, another at Finney, and a third at Hale Center. After his bond had been approved by the county clerk of Hale county and a certificate issued to him authorizing him to conduct business as a public warehouseman, one E. D. Ballard deposited wheat owned by him in the Edmonson elevator of the net value of $644.48, for which Halbert issued to him two negotiable warehouse receipts as prescribed by the statute. Ballard transferred the elevator receipts to the appellant bank for value. Thereafter Halbert became insolvent, and the bank instituted this suit against the bonding and insurance company to recover the value of the wheat.

The case was submitted to the trial court upon an agreed statement under R. S. art. 2177, resulting in a judgment by the court that plaintiff take nothing.

It is conceded that Halbert's bond in the sum of $5,000 was approved and filed in accordance with the provisions of article 5661.

The first seven paragraphs of plaintiff's petition are, by the agreed case, made a part of the statement, and the facts therein alleged are admitted to be true. The agreed case further states: "That L. J. Halbert is notoriously insolvent; that the defendant Massachusetts Bonding & Insurance Company has heretofore paid out on claims for which it was liable under the bond declared upon by plaintiff, the full sum of $5,000.00, the amounts paid being amounts adjudged by courts of competent jurisdiction to be the value of wheat covered by various warehouse receipts, exclusive of all costs adjudged against the Massachusetts Bonding & Insurance Company; that the last of said payments was made by interpleaders suit in cause No. 57 in equity in the United States District Court for the Northern District of Texas, Lubbock Division, in which plaintiff's predecessor in title, E. D. Ballard, was made a party and duly served with citation but did not appear and answer nor was he present at the trial."

It is further recited that Ballard was not the owner of the warehouse receipts when said suits were filed or tried and had no interest therein, but at all such times the bank was the owner of the receipts, was not a party to any of said suits, and had no knowledge of the filing of said suits or of the rendition of the judgments therein; that the defendant was without knowledge that the warehouse receipts had been transferred by Ballard to the plaintiff bank.

The appellant contends that its rights are governed by R. S. art. 5661, which is as follows: "Any person, firm, corporation, partnership, or association of persons, may become a public warehouseman under the provisions of this chapter by filing with the county clerk of the county in which he is located and proposes to do business, a good and sufficient bond in the sum of five thousand dollars conditioned that he will conduct his business in accordance with the provisions of this chapter. Upon the filing and approval of such bond with the county clerk, it shall be the duty of the county clerk to immediately certify such fact to the Commissioner of Markets and Warehouses. Any one injured by the violation of the terms of the bond, and the provisions of this chapter may recover damages to the extent of said bond. Should said bond become impaired by recovery, or otherwise, said Commissioner may require such public warehouseman to file an additional bond, but in no event shall such additional bond be for a greater amount than five thousand dollars. The bond required hereunder shall be good for the term of one year from the date of filing and the right to continue as a public warehouseman shall be conditioned upon the renewal of said bond from year to year, according to the terms of this chapter. The form of the bond required hereunder shall be prescribed by said Commissioner, and the bond may be made by any surety company authorized to do business under the laws of this State; or by two solvent sureties to be approved by the county clerk of the county in which such public warehouseman may desire to do business"— and especially by that clause providing that "any one injured by the violation of the terms of the bond, and the provisions of this chapter may recover damages to the extent of said bond."

We cannot assent to this contention. When the bonding company admitted its liability to the extent of the bond and paid out $5,000 to the holders of elevator receipts under the orders of courts of competent jurisdiction, it had performed its obligation.

As held in Chesley v. Reinhardt et al. (Tex. Civ. App.) 300 S. W. 973: "In an action upon a penal bond no recovery can be had against principal or surety beyond the penalty named, since the purpose of stating the amount of the penalty is to limit and fix the liability of signers upon the bond."

In Locke et al. v. Beal (Tex. Civ. App.) 257 S. W. 302, it is held that a judgment against sureties on a statutory bond for an

amount in excess of the penalty fixed thereby is error, citing Grand Lodge v. Cleghorn et al., 20 Tex. Civ. App. 134, 48 S. W. 750.

Under the facts stated in the agreed case, no other judgment could have been properly rendered, and it is affirmed.