**RAMIREZ et al.**

v.

**FLAG OIL CORP. OF DELAWARE et al.**

No. 12505.

Court of Civil Appeals of Texas.

San Antonio.

March 10, 1954.

Lloyd & Lloyd, Alice, Small, Small & Craig, Austin, David A. Grose, Hector Lopez, Alice, for appellants.

House, Mercer & House, San Antonio, Perkins, Floyd & Davis, Alice, Heath & Vittitoe, Falfurrias, for appellees.

NORVELL, Justice.

This is an application for a writ of mandamus requiring the Clerk of the District Court of Brooks County to approve certain surety bonds filed by Texas Osage Co-operative Royalty Pool, Inc., and R. L. House, which they contend are in full com-

pliance with the judgment rendered in this cause in accordance with this Court's opinion. Ramirez v. Flag Oil Corporation of Delaware, Tex.Civ.App., 257 S.W.2d 131. This judgment, among other things, awarded to the Flag Oil Corporation of Delaware, Texas Osage Co-operative Royalty Pool, Inc., and R. L. House, a life estate in and to the oil, gas and other minerals underlying an undivided 18.9167 acres out of a 328-acre tract described in the judgment. Said judgment also decreed that said parties were entitled to the use of 18.9167/164 of the proceeds from such oil, gas and other minerals paid into court and that might hereafter be paid into court, and that might thereafter be produced from the royalty pertaining to the life estate. The life estate involved in the suit and described in the judgment terminates upon the death of Severa S. de Mangell. Considering the life estate held by the three parties first mentioned as a whole, it appears from the judgment that, as between themselves, the interests held severally are as follows: Flag Oil Corporation of Delaware, $\frac{1}{4}$ ($\frac{4}{16}$); R. L. House, $\frac{1}{4}$ of $\frac{3}{4}$ ($\frac{3}{16}$), and Texas Osage Co-operative Royalty Pool, Inc., $\frac{3}{4}$ of $\frac{3}{4}$ ($\frac{9}{16}$).

The remaindermen, that is, those who take subject to the life estate, are T. E. Vessels, Jr., E. W. Mudge, Jr., J. S. Hudnall, George W. Pirtle, Samuel Guzman, Brijido Ramirez and Pedro Ramirez. In order to protect their interests, the judgment provided that upon the death of Severa S. de Mangell all moneys paid to Flag Oil Corporation of Delaware, Texas Osage Co-operative Royalty Pool, Inc., and R. L. House, as holders of the life estate, should be deposited back in the Registry of the Court, and that "before taking the same out of Court or receiving any of the said 18.9167/164 royalty, they should put up a good surety bond in sufficient amount to protect those who are entitled to same after the death of Severa S. de Mangell * * *."

Texas Osage Co-operative Royalty Pool, Inc., and R. L. House tendered two separate bonds which were executed by Massachusetts Bonding and Insurance Company as surety. These bonds were filed by the clerk on January 9, 1954, but were not approved, apparently because of a dispute between those tendering the bonds and the remaindermen, Vessels et al., as the proper form of bond to comply with the judgment.

Hearing was had in this Court with reference to the dispute and the remaindermen, Vessels, Mudge, Hudnall, Pirtle, and Guzman have suggested a form of bond which they say would meet the requirements of the judgment.

In substance, the difference between the bonds tendered by Texas Osage Co-operative Royalty Pool, Inc., and R. L. House and the form suggested by Vessels, Mudge et al., is this: The obligation of the tendered bonds is to repay into the registry of the court upon the termination of the life estate at the death of Severa S. de Mangell all moneys taken out and received by Texas Osage Co-operative Royalty Pool, Inc., and R. L. House, as holders of the life estate interest, as provided for by the terms of the judgment, while the form of bond suggested by the remaindermen contemplates that a definite and specific sum in dollars and cents be stated in the face of the bond; that Texas Osage Co-operative Royalty Pool, Inc., and R. L. House be allowed to withdraw sums from the registry of the court until the sum named in the bond be equalled by their withdrawals and then that a new bond in an additional stated sum be furnished. This latter plan would perhaps call for a series of bonds in the event the life estate should be of substantial duration.

The form suggested by the remaindermen would no doubt comply with the terms of the judgment, but we are of the opinion that the bonds tendered by Texas Osage Co-operative Royalty Pool, Inc., and R. L. House also meet the requirements of the decree. While it is true that no specific amount is stated in dollars and cents, the tendered bonds provide that the principals and sureties are firmly bound "in whatsoever sum of money the Texas Osage Co-operative Royalty Pool, Inc., (in one bond, R. L. House in the other)

is entitled to the use of and has received or will receive under" the judgment.

 As we understand the authorities cited by the remaindermen, they simply hold that the statement of a specific amount in the bond sets a limit upon the liability thereunder. In Ferguson v. Ferguson, Tex. Civ.App., 69 S.W.2d 592, 595, the Court said that, "the sole object of naming the penalty in a bond is to fix the limit of the liability of the signers". See also, Grand Lodge A. O. U. W. of Texas v. Cleghorn, 20 Tex.Civ.App. 134, 48 S.W. 750; Chesley v. Reinhardt, Tex.Civ.App., 300 S.W. 973. The amount prescribed in the tendered bonds, while not stated definitely in dollars and cents, because of the uncertainty of continuing production of oil, gas and other minerals, as well as the duration of the life estate, is given in terms so that a definitely fixed sum may be ascertained at any given time. The decree does not require that the bonds state a specified definite amount in dollars and cents. We are not here concerned with a bail bond or other similar statutory bond. The tendered bonds should be construed as written contracts, and in determining the rights and liabilities of the parties thereunder the same rules governing the interpretation of written contracts are applicable. Higginbotham v. Kyle, Tex. Com.App., 294 S.W. 531. In our opinion the tendered bonds so construed are in compliance with the judgment. It is our understanding that no question is raised as to the sufficiency of the surety. It, therefore, was the ministerial duty of the clerk to approve the tendered bonds. (It is stated in the application, that a bond in form similar to those now before us, will be tendered by the Flag Oil Corporation of Delaware, but such bond is not before us and we consequently make no order with reference thereto.)

 The Clerk of the District Court of Brooks County is the proper custodian of the funds paid into the registry of the court, and the proper person to approve the bonds tendered in accordance with the judgment rendered. This Court, acting in accordance with the provisions of Rule 434,

Texas Rules of Civil Procedure, rendered such judgment as should have been rendered by the court below, and consequently has jurisdiction to issue a writ of mandamus relating to the enforcement of such judgment. Article 1823, Vernon's Ann.Tex. Stats. It seems, however, that the action or non-action of the clerk was occasioned solely by a dispute between the parties and, therefore, our order will be in the alternative rather than peremptory form.

The Clerk of this Court will return to Oscar Hinojosa, the District Clerk of Brooks County, Texas, the bonds heretofore tendered to him by Texas Osage Cooperative Royalty Pool, Inc., and R. L. House, together with a copy of this opinion. An alternative writ of mandamus will issue directing said District Clerk to approve such bonds or appear in person before this Court within ten days after receipt of such order and here show cause why such bonds should not be so approved.

Alternative writ of mandamus granted.