**Benjamin D. LUCAS et al., Appellants,**

**v.**

**Hulda Pearl HAYTER, d/b/a Hayter Realty Company, Appellee.**

**No. 14227.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 26, 1964.

Rehearing Denied March 19, 1964.

Benjamin D. Lucas, Robert H. Rice, San Antonio, for appellants.

Pat Maloney, San Antonio, for appellee.

BARROW, Justice.

This is an appeal by writ of error from a judgment of the County Court at Law No. 2 of Bexar County, Texas, in a forceable entry and detainer suit. In our opinion of November 20, 1963, overruling appellee's motion to dismiss this appeal, we upheld appellants' right to appeal by writ of error. Reference is made to that opinion for a full statement of the history of this case.

■ On January 18, 1963, the County Court rendered a final judgment "that the Plaintiff, HULDA PEARL HAYTER, d/b/a The Hayter Realty Company, do have and recover judgment against the Defendant, Ken Augspurger, as follows:

"(a) For restitution from the defendant, Ken Augspurger, of the premises * * *.

"(b) For judgment against defendant, Ken Augspurger in the sum of $617.00, for costs of Court, for execution against the defendant and the sureties on the appeal bond made and filed herein by the defendant, and for interest on such sum at the rate of 6% per annum until paid (from date hereof). It is further the finding of the Court that the defendant and the sureties on his appeal bond are liable, and judgment is rendered against them on such bond."

Benjamin D. Lucas and R. H. Rice were sureties on the appeal bond and perfected this appeal. No appeal was perfected by Augspurger, and the judgment therefore is final as to him.

■ Appellants assert that the trial court erred in rendering judgment on plaintiff's first amended original petition, which was filed on January 16, 1963, without leave of the court. This point is without merit

and is overruled. An answer was on file and therefore no citation was necessary. The record does not show whether leave was had, and since this amended petition was considered by the court leave is presumed. U. S. Letter Carriers Mutual Benefit Ass'n v. Sypulski, Tex.Civ.App., 364 S.W.2d 840.

■ It is seen that the purpose of the amendment was to allege additional damages, as expressly authorized by Rule 752, Texas Rules of Civil Procedure. Appellants have not asserted any surprise or prejudice and therefore any irregularity or failure to comply with the Rules of Civil Procedure was cured by the trial court's action in considering the amended pleading. Consolidated Furniture Company v. Kelly, Tex., 366 S.W.2d 922; W. C. Turnbow Petroleum Corp. v. Fulton, 145 Tex. 56, 194 S.W.2d 256.

■ Rule 751, T.R.C.P. shortens the time for filing the transcript in order to expedite the disposition of this type of suit which is expressly given precedence in the county court. Appellants assert a verbal agreement with appellee's attorney to pass the case. Such an agreement, even if made, would not be an enforceable agreement and would not control the court's docket. Rule 11, T.R.C.P. The trial court did not abuse its discretion in proceeding to trial in accordance with its setting.

■ The trial court properly entered judgment for the damages suffered by appellee for the withholding of possession of the premises during the pendency of the appeal and for all necessary and reasonable expenses incurred in prosecuting the cause in the county court. Rule 752, supra; Haginas v. Malbis Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368. This rule also authorized the court to render judgment against appellants as sureties on the appeal bond.

Both parties assume, for the purpose of this appeal, that the judgment as entered by the county court would authorize recovery

against appellants for the full sum of $617.00. Appellants urge, however, that their liability should be limited to the sum of $200.00, which was the penal sum provided in the appeal bond.

 Rule 749, T.R.C.P., authorizes an appeal from a judgment of the justice court upon giving a bond to be approved by said justice, payable to the adverse party, and conditioned that appellant will prosecute his appeal with effect, or pay all *costs and damages* which may be adjudged against him. Haginas v. Malbis Memorial Foundation, supra. Rule 750, T.R.C.P., provides the form of the bond and contains the condition provided in Rule 749. No provision is made in either rule for the justice to set or limit the amount of the bond. Here the bond as approved by the justice provided in part: "now, therefore, the said KEN AUGSPURGER, and Benjamin D. Lucas and R. H. Rice, his sureties, covenant that they will prosecute his said appeal with effect and pay all costs and damages which may be adjudged against him, this bond having been set at $200.00."

We do not believe that a limitation is proper in an appeal bond filed under Rule 750, supra. In Haginas v. Malbis Memorial Foundation, supra, the Supreme Court held that the county court has jurisdiction and authority to render a judgment under Rule 752 for *all damages* accruing to plaintiff by reason of defendants' wrongfully withholding the premises even though same were in excess of $1,000.00. This case did not involve the question of the sureties' liability on a bond containing a penal limitation.

No objection was raised by appellee to this bond and under long-settled authority the liability of the sureties is limited by the penal sum provided in the bond. In Hendrick v. Cannon, 5 Tex. 248, which was a statutory proceeding to recover possession of land after expiration of a lease, it was held error to render judgment against a surety for a greater amount than provided in the bond given to perfect appeal from the justice to the district court, regardless of the fact that damages were found in excess of that sum. This holding has been uniformly followed. State v. Watts, Tex. Civ.App., 197 S.W.2d 197, writ refused; Ferguson v. Ferguson, Tex.Civ.App., 69 S.W.2d 592; Clay v. Richardson, Tex.Civ. App., 9 S.W.2d 413, writ ref.; Chesley v. Reinhardt, Tex.Civ.App., 300 S.W. 973; Locke v. Beal, Tex.Civ.App., 257 S.W. 302; Grand Lodge A.O.U.W. of Texas v. Cleghorn, 20 Tex.Civ.App. 134, 48 S.W. 750.

It is therefore our opinion that the judgment of the trial court should be reformed so as to provide that the sureties on the appeal bond are liable for the sum of $200.00, being the amount of said bond. The judgment is in all other respects affirmed. Costs are adjudged one-half against appellants and one-half against appellee.

Reformed and affirmed.